Robert B. Zelms, Arizona Bar No. 018956
*rzelms@zelmserlich.com*
Fatima Badreddine, Arizona Bar No. 030402
*fatima@zelmserlich.com*
**ZELMS ERLICH LENKOV & MACK**
5415 E. High Street, Suite 425
Phoenix, Arizona 85054
Phone: (480) 608-2114

*Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Gellos, individually; Taryn Foster, individually,<br><br>          Plaintiff,<br><br>v.<br><br>City of Phoenix, a governmental agency; Christopher John Turiano and Jane Doe Turiano, husband and wife; William Gates and Jane Doe Gates, husband and wife; Richard Lee Brunton and Jane Doe Brunton, husband and wife; John and Jane Does 1-X; ABC Corporations I-X; XYZ Partnerships IX,<br><br>          Defendants. | Case No.  CV-24-01529-PHX-GMS<br><br>**DEFENDANT RICHARD LEE BRUNTON'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>(Oral Argument Requested)<br><br>(Honorable G. Murray Snow) |

      Pursuant to Fed. R. Civ. P. 55(c), Defendant Richard Lee Brunton ("Defendant"), by and through undersigned counsel, hereby file this Motion to Set Aside the Clerk's Entry of Default. There is good cause to set aside the default judgment. Defendant was served while the matter was still pending in Superior Court, Maricopa County, Arizona, and was unrepresented by counsel when the Answer was due.

**I.  PROCEDURAL HISTORY**

      On March 8, 2024, Plaintiffs filed their Complaint in the Superior Court for Maricopa

1

County, Arizona ("Superior Court"). (*See* Doc. 1 at 5.) Over two months later, on May 30, 2024, Plaintiffs' private process server served Defendant Richard Brunton, while the lawsuit was still in Superior Court. (*See* Doc. 1 at 40.)

On June 24, 2024, Defendants City of Phoenix, Officer Christopher Turiano, and Officer William Gates removed this matter to the United States District Court, District of Arizona. (*See* Doc. 1.) Following removal, Defendant's response to the Complaint was due on July 1, 2024, Fed. R. Civ. 81(c)(2).

After he was served, Defendant notified his former employer, for whom he had been working as security at the Footprint Center at the time of the incident alleged in the Complaint. (Brunton Decl. ¶ 2.) (*See* Doc. 1 at 8-9.) Defendant believed his former employer would timely retain counsel to respond to the Complaint on his behalf, and he was unaware that his response was due by July 1, 2024. (Brunton Decl. ¶¶ 3-4.) The Clerk's Entry of Default was entered against Defendant on July 10, 2024. (Doc. 9.) Defendant was not represented by legal counsel prior to judgment being entered against him and was not aware that a Motion for Entry of Default had been filed. (Brunton Decl. ¶¶ 4-5, 8.) Defendant had no knowledge of the Clerk's Entry of Default until he was contacted by undersigned counsel. (Brunton Decl. ¶ 8.)

**II.    ARGUMENT**

There is "good cause" to vacate the entry of default under Rule 55(c). Default judgment "is a drastic step appropriate only in extreme circumstances; a case should, whenever, possible, be decided on the merits." *United States v. Signed Personal Check No. 730 Of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) (emphasis added). *See also Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 890 (9th Cir. 2001) (overturning Rule 60(b) default judgment "for a minor procedural error"). Default judgment is inappropriate in the absence of "extreme circumstances." *Mesle*, 615 F.3d at 1091-1092. "While the same test applies [to] motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." *Id.* at 1091.

"[A] district court may set aside the entry of default upon a showing of good cause." *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111 (9th Cir. 2011). When determining whether good cause exists, the court must consider "whether the party seeking to set aside the entry of default, 'engaged in culpable conduct that led to the default," whether the moving party has a 'meritorious defense," and whether setting aside the entry of default 'would prejudice the other party."" *TCB Remarketing LLC v. Metro Auto Auction LLC*, 2021 U.S. Dist. LEXIS 127549, at * 2 (D. Ariz. July 8, 2021) (quoting *Mesle*, 615 F.3d at 1091).

### A. Defendant Did Not Engage in Culpable Conduct

"A conscious choice not to answer' does not suffice to establish intentionality under Rule 55(c); the movant is required to have acted in bad faith for their conduct to be considered culpable." *Id.* "'Intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith such as an 'intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.' *Mesle*, 615 F.3d at 1092 (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). "We have 'typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable." *Id.*

Defendant did not act in bad faith. He simply was unaware of the deadline to respond and believed his former employer would respond to the Complaint on his behalf. (Brunton Decl. ¶¶ 2-4.) *See TCB*, 2021 U.S. Dist. LEXIS 127549, at *5 (holding that the defendant's choice not to respond to the complaint, which had been based on an inaccurate understanding of the law, did not rise to the level of culpable conduct under Rule 55(c)). Defendant did not intend to take advantage of Plaintiff, interfere with the judicial process, or otherwise "manipulate the legal process." *Id.* (Brunton Decl. ¶ 9.) Defendant was not represented by legal counsel when his Answer was due, when Plaintiffs filed the Motion for Entry of

Default, or when the Clerk's Entry of Default was filed. (Brunton Decl. ¶¶ 4-5, 8.) Defendant was unaware of any alleged communications between his former employer's general counsel and Plaintiffs' counsel. (Brunton Decl. ¶¶ 6-7.) (*See* Doc. 8 at 2.)[1] He did not know that Plaintiffs' counsel had allegedly advised he would file a Motion for Entry of Default, let alone that it would be filed the week of July 8, 2024. (Brunton Decl. ¶ 7.) Even Plaintiffs' Response to the Court's Order to Show Cause asserts that the conversation occurred with "counsel for the employer that employed Defendant." (*Id.*) Plaintiffs' counsel does not assert that Defendant was included in that conversation or that Defendant was directly advised that he would file a Motion for Entry of Default. (*Id.*)

Accordingly, Defendant did not engage in culpable conduct by omitting to file a response to the Complaint. He did not consciously avoid answering the Complaint and expected his former employer to assist him in responding to the Complaint.

### B.   Defendant Has a Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094 (TCI Group, 244 F.3d at 700. "At this stage, the burden of proof 'is not extraordinarily heavy." *TCB*, 2021 U.S. Dist. LEXIS 127549, at *4. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense; 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" *Mesle*, 615 F.3d at 1094 (internal citations omitted).

As to Defendant, Plaintiffs have alleged negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and assault and battery relating to Plaintiffs' alleged removal from Footprint Center. (*See* Doc. 8 at 8-14.) The same factual defenses apply to each of Plaintiffs' claims.

---

[1] Defendant does not contend one way or another that the communications actually occurred as alleged in Plaintiffs' Response to Order to Show Cause. (Doc. 8 at 2.) Rather, if these communications had occurred, Defendant was not apprised of them.

4

Negligence requires proof of: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007).

Negligent infliction of emotional distress requires proof that a defendant was negligent, which created an unreasonable risk of bodily harm and emotional distress to the plaintiff that resulted in physical injury and damages. *See Quinn v. Turner*, 155 Ariz. 225, 745 P.2d 972 (Ct. App. 1987); Restatement (Second) of Torts §§ 436(2), 426(A).

Assault and battery requires proof that a defendant intentionally caused harmful or offensive contact with the plaintiff and that harmful contact with the plaintiff actually occurred. *Betancourt v. City of Phx.*, 2017 Ariz. App. Unpub. LEXIS 1751, at *10 (Ct. App. Nov. 21, 2017) (citing *Johnson v. Pankratz*, 196 Ariz. 621, 623, ¶ 6, 2 P.3d 1266 (App. 2000)); Restatement (Second) of Torts § 13.

On March 9, 2023, while working at a Jimmy Buffet concert at the Footprint Center, Disability Services Manager Rachel Hargis reported that she observed Plaintiff Gellos punch her daughter (Plaintiff Foster) in the stomach and put her hand over her daughter's mouth. (Brunton Decl. ¶ 10.) Plaintiff Gallos appeared to have been heavily intoxicated, slurring her speech and yelling in front of other guests. (Brunton Decl. ¶ 13.) She had been observed swaying, stumbling while walking, and falling asleep, and other guests had complained about her behavior. (Brunton Decl. ¶ 11.)  Defendant and other members of security arrived to assist Ms. Hargis, and Plaintiff Gellos was asked to leave the concert. (Brunton Decl. ¶¶ 12, 14.) However, she refused. (Brunton Decl. ¶ 14.) Plaintiffs Gellos and Plaintiff Foster both became very agitated when Plaintiff Gellos was asked to leave the concert, and Plaintiff Foster yelled and cursed in front of the other guests. (Brunton Decl. ¶ 15.)  As a result, Plaintiff Foster was also asked to leave. (Brunton Decl. ¶ 16.)

Plaintiff Gellos was escorted out of the concert by four members of security and did not report any pain or discomfort as she was escorted. (Brunton Decl. ¶ 17.) A wheelchair was obtained for Plaintiff Foster, and she was wheeled out of the concert by another staff

member. (Brunton Decl. ¶ 18.) Officers from the Phoenix Police Department met with Defendant and other security employees in a hallway outside the concert area, and Plaintiffs were escorted down the hallway and down the elevator. (Brunton Decl. ¶ 19.)

Defendant's response was consistent with his training and experience and was appropriate under the circumstances. (Brunton Decl. ¶ 23.) Defendant's specific actions did not injure, create an unreasonable risk of bodily harm, or cause emotional distress that resulted in physical injury and damages to Plaintiffs. (Brunton Decl. ¶ 21.) He further did not use excessive force or harmful and offensive contact with Plaintiffs. (Brunton Decl. ¶¶ 20, 22.)

Accordingly Defendant has a meritorious defense as to each of Plaintiffs' claims and should be permitted to defend against the merits of Plaintiffs' allegations.

### C. There Is No Prejudice to Plaintiffs

"Merely being forced to litigate a case on the merits rather than obtaining a default judgment does not constitute 'prejudice' under Rule 55(¢c)." *TCB*, 2021 U.S. Dist. LEXIS 127549, at *6; *FOC Fin. Ltd. Partnership v. Nat'l City Comm. Capital Corp.*, 612 F. Supp. 2d 1080, 1084 (D. Ariz. 2009). "The standard focuses only on whether the non-moving party's ability to litigate the case would be hindered." *Id.* (emphasis added).

If the entry of default is set aside, Plaintiffs will be able to pursue their claims based on their merits. Plaintiffs will be able to submit written discovery and engage in disclosure. Plaintiffs will be able to take depositions, retain expert witnesses, and file dispositive motions, if warranted. And if Plaintiffs survive dispositive motions, they will be able to present their case to a jury.

Vacating the entry of default will not hinder Plaintiffs' ability to pursue their claims. Therefore, there is no prejudice to Plaintiffs.

### III. CONCLUSION

Due to the foregoing reasons, good cause exists to set aside the Entry of Default pursuant Rule 55(c), Fed. R. Civ. P. Defendant respectfully requests this Court to set aside the Entry of Default and permit Defendant to answer the Complaint.

| | |
|---|---|
| DATED: July 22, 2024 | **ZELMS ERLICH LENKOV & MACK** |
| | By:    *s/ Fatima Badreddine* <br> Robert B. Zelms <br> Fatima Badreddine <br> *Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Karen Johnson Stillwell <br> **OFFICE OF THE PHOENIX CITY ATTORNEY** <br> 200 W Washington, Ste. 1300 <br> Phoenix, Arizona 85003-1611 <br> karen.stillwell@phoenix.gov <br> lisa.danczewski@phoenix.gov <br> *Attorneys for Defendants City of Phoenix, Officer Christopher Turiano, and Officer William Gates* | Robert T. Mills <br> Sean A. Woods <br> **MILLS + WOODS LAW, PLLC** <br> 5055 North 12th Street, Suite 101 <br> Phoenix, Arizona 85014 <br> Telephone 480.999.4556 <br> docket@millsandwoods.com <br> swoods@millsandwoods.com <br> *Attorneys for Plaintiffs* |

*s/ Julie Rawlings*

7