Robert B. Zelms, Arizona Bar No. 018956
rzelms@zelmserlich.com
Fatima Badreddine, Arizona Bar No. 030402
fatima@zelmserlich.com
**ZELMS ERLICH LENKOV & MACK**
5415 E. High Street, Suite 425
Phoenix, Arizona 85054
Phone: (480) 608-2114

*Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Gellos, individually; Taryn Foster, individually, <br><br>    Plaintiff, <br><br>v. <br><br>City of Phoenix, a governmental agency; Christopher John Turiano and Jane Doe Turiano, husband and wife; William Gates and Jane Doe Gates, husband and wife; Richard Lee Brunton and Jane Doe Brunton, husband and wife; John and Jane Does 1-X; ABC Corporations I-X; XYZ Partnerships IX, <br><br>    Defendants. | Case No.  CV-24-01529-PHX-GMS <br><br>**DECLARATION OF DEFENDANT RICHARD LEE BRUNTON IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT** <br><br>(Honorable G. Murray Snow) |

  I, Richard Lee Brunton, declare under penalty of perjury that the following is true and correct and based on my personal knowledge.

  1. I am over 18 years of age and competent to testify as to the matters set forth in this Declaration.

  2. After I was served with the Summons and Complaint, I notified my former employer, as I had been working as security at the Footprint Center at the time of the incident alleged in the Complaint.

  3. I believed my former employer would timely retain counsel to respond to the

Complaint on my behalf.

4. I did not know when a response to the Complaint was due, and I was not represented by legal counsel at the time.

5. I was not represented by legal counsel when Plaintiffs' counsel filed the Motion for Entry of Default, and I was not aware, at that time, that the motion had been filed.

6. I was not aware that there had been any communications between my former employer's general counsel and Plaintiffs' counsel about requesting an extension to respond to the Complaint.

7. I was not aware that an extension to respond to the Complaint had been requested by my former employer's general counsel or that Plaintiffs' counsel had allegedly advised that he would file a Motion for Entry of Default.

8. I also was not represented by legal counsel when the Clerk's Entry of Default was filed, and I was not aware that it had been filed until I was contacted by my current counsel.

9. I had no intention to take advantage of Plaintiff, interfere with the judicial process, or to manipulate the legal process.

10. On March 9, 2023, while working at a Jimmy Buffet concert at the Footprint Center, Disability Services Manager Rachel Hargis reported that she observed Plaintiff Gellos punch her daughter (Plaintiff Foster) in the stomach and put her hand over her daughter's mouth.

11. To my knowledge, other guests had complained about Plaintiff Gellos's behavior, and Ms. Hargis had observed Plaintiff Gellos swaying, stumbling while walking, and falling asleep in a chair.

12. I responded to assisted Ms. Hargis, along with other members of security at Footprint Center.

13. I observed that Plaintiff Gellos appeared to have been heavily intoxicated, slurring her speech and yelling in front of other guests.

14. Plaintiff Gellos was asked to leave the concert, but she refused.

15. Plaintiffs Gellos and Plaintiff Foster both became very agitated when Plaintiff Gellos asked to leave the concert, and Plaintiff Foster yelled and cursed in front of the other guests.

16. As a result, Plaintiff Foster was also asked to leave the concert.

17. Plaintiff Gellos was escorted out of the concert by four members of security and did not report any pain or discomfort as she was escorted.

18. A wheelchair was obtained for Plaintiff Foster, and she was wheeled out of the concert by another staff member.

19. Officers from the Phoenix Police Department met with me and other security employees in a hallway outside the concert area, and Plaintiffs were escorted down the hallway and down the elevator.

20. I did not have any harmful or offensive contact with either Plaintiff as they were escorted out of the concert, down the hallway, and down the elevator.

21. I did not injure, create an unreasonable risk of bodily harm, or cause emotional distress that resulted in physical injury to Plaintiffs.

22. I did not use excessive force while escorting Plaintiffs.

23. I acted in a manner that was consistent with my training and experience and was appropriate under the circumstances.

DATED this _22_ day of July, 2024

_Richard Lee Brunton_
Richard Lee Brunton