Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Gellos, individually; Taryn Foster, individually,<br><br>Plaintiffs<br><br>vs.<br><br>City of Phoenix, a governmental agency; Christopher John Turiano and Jane Doe Turiano, husband and wife; William Gates and Jane Doe Gates, husband and wife; Richard Lee Brunton and Jane Doe Brunton, husband and wife; John and Jane Does 1-X; ABC Corporations I-X; XYZ Partnerships IX,<br><br>Defendants. | Case No.: CV-24-01529-PHX-GMS<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT RICHARD LEE BRUNTON'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>(Assigned to the Honorable G. Murray Snow) |

Through undersigned counsel, Plaintiffs Susan Gellos and Taryn Foster (collectively, "Plaintiffs") hereby respond in opposition to Defendant Richard Lee Brunton's Motion to Set Aside Clerk's Entry of Default, ECF No. 12 (the "Motion to Set Aside"), as follows.

Defendant Richard Lee Brunton ("Defendant") was served with the Complaint on May 30, 2024. Phoenix Dfs.' Notice Filing Removal at 40, ECF No. 1. Certain other Defendants removed this action to this Court on June 24, 2024. *Id.* at 1. Defendant had seven (7) days from the filing of the Notice of Removal to answer or otherwise respond to

the Complaint, or no later than July 1, 2024. Defendant failed to answer or otherwise respond by that date.

The very next day – July 2, 2024 – the Court issued an Order to Show Cause, in which it mandated:

> that Plaintiff show cause no later than **July 10, 2024**, as to why this action should not be dismissed as to Defendant Richard Lee Brunton only for failure to prosecute, unless before then default has been entered or a responsive pleading has been filed.

> . . . if Plaintiff fails to comply with this order, the Clerk of Court shall dismiss this action as to Defendant Richard Lee Brunton only on **July 11, 2024**, for Plaintiff's lack of prosecution pursuant to Rule 41(b), Fed. R. Civ. P., and LRCiv 41.1.

Order Show Cause 1:22-2:4, ECF No. 6 (emphasis in original).

Plaintiffs did not immediately apply to default Defendant because, in the week since Defendant's deadline to answer expired, Plaintiffs' counsel was in communication with counsel for Defendant's former employer regarding whether or not said counsel or otherwise would be representing Defendant. Said counsel requested permission to extend Defendant's answer deadline. Plaintiffs' counsel responded that Plaintiffs could not agree to extend the answer deadline unless said counsel first noticed in for Defendant, but that Plaintiffs would wait to file any default until the week of July 8, 2024. As a consequence, Plaintiffs waited until July 9, 2024 to apply for the entry of default of Defendant, the very last day they could do so in order to still show good cause to the Court to not dismiss Defendant, pursuant to the Order to Show Cause. Pls.' Request Entry Default Richard Lee Brunton, ECF No. 7.

Defendant requests that the default entered against him by the Clerk of this Court be set aside. "The Federal Rules provide that a 'court may set aside an entry of default for good cause . . . .'" *U.S. v. Signed Personal Check No. 730*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Fed. R. Civ. P. 55(c)). "To determine 'good cause', a court must 'consider[] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *Id.* (quoting *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). "[A] finding that ***any one*** of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* (emphasis added) (citing *Franchise Holding II*, 375 F.3d at 925-26).

With regard to factor (1), a failure to answer a complaint is "culpable conduct" where the defendant "acted with bad faith such as an 'intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.'" *See id.* at 1092 (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). Defendant claims he did not act in bad faith. Mot. Set Aside 3:21. Here, there is evidence showing bad faith.

For example, Defendant appears to be less than truthful in his supporting Declaration. He claims therein that after being served with process he "did not know when a response to the Complaint was due . . . ." Decl. Df. in Support Mot. Set Aside ¶ 4. This is simply not credible, because the Summons he was served with states in capital letters on page one (1) that an "Answer must be filed within TWENTY (20) CALENDAR DAYS

3

from the date of service, not counting the day of service." State Court Summons to Defendant attached as "**Exhibit 1**" hereto, at 1 (capitals in original). This calls into question Defendant's honesty in the execution of his Declaration, and further calls for a presumption of bad faith in his conduct at issue.

Because there is evidence of his bad faith, Defendant therefore engaged in culpable conduct that led to his default, and thus this Court is fully justified in refusing to set that default aside. *See Signed Personal Check No. 730*, 615 F.3d at 1091-92.

**RESPECTFULLY SUBMITTED** this 5th day of August 2024.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
    Robert T. Mills
    Sean A. Woods
    5055 North 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiffs*

4

# CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Karen Johnson Stillwell
karen.stillwell@phoenix.gov
lisa.danczewski@phoenix.gov
**OFFICE OF THE PHOENIX CITY ATTORNEY**
law.civil.minute.entries@phoenix.gov
200 W Washington, Ste. 1300
Phoenix, Arizona 85003-1611
*Attorneys for Defendants City of Phoenix, Officer Christopher Turiano, and Officer William Gates*

Robert B. Zelms
rzelms@zelmserlich.com
Fatima Badreddine
fatima@zelmserlich.com
**ZELMS ERLICH LENKOV & MACK**
5415 E High St., Ste. 425
Phoenix, Arizona 85054
*Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton*

　　　/s/ Ben Dangerfield