Robert B. Zelms, Arizona Bar No. 018956
*rzelms@zelmserlich.com*
Fatima Badreddine, Arizona Bar No. 030402
*fatima@zelmserlich.com*
**ZELMS ERLICH LENKOV & MACK**
5415 E. High Street, Suite 425
Phoenix, Arizona 85054
Phone: (480) 608-2114

*Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Susan Gellos, individually; Taryn Foster, individually,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Phoenix, a governmental agency; Christopher John Turiano and Jane Doe Turiano, husband and wife; William Gates and Jane Doe Gates, husband and wife; Richard Lee Brunton and Jane Doe Brunton, husband and wife; John and Jane Does 1-X; ABC Corporations I-X; XYZ Partnerships IX,<br><br>　　　　　Defendants. | Case No.  CV-24-01529-PHX-GMS<br><br>**DEFENDANT RICHARD LEE BRUNTON'S REPLY IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>(Honorable G. Murray Snow) |

Pursuant to Fed. R. Civ. P. 55(c), Defendant Richard Lee Brunton ("Defendant"), through his counsel, respectfully requests the Court to grant his Motion to Set Aside Clerk's Entry of Default ("Defendant's Motion") as there is good cause to vacate the entry of default under Rule 55(c). Fed. R. Civ. P. Plaintiffs' Response to Defendant's his Motion to Set Aside Clerk's Entry of Default ("Plaintiffs' Response") fails to establish any culpable conduct that *led to* the entry of default.

Plaintiffs do not dispute that Defendant has a meritorious defense or that there is no prejudice to Plaintiffs. Instead, Plaintiffs' best argument is to accuse Defendant of

1

dishonesty. Not only is there *no basis* for Plaintiffs to make this accusation, but it also would *not* show culpable conduct as described by the Ninth Circuit Court in *Mesle*. *See United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) Plaintiffs should know this because they cited *Mesle* in their Response. (*See* Doc. 16 at 3.) The court in *Mesle* held that the analysis for good cause includes whether the party "engaged in culpable conduct that *led to the default*." *Id.* (internal quotations omitted). Defendant's Declaration, which was entirely honest, was signed and filed *after* the entry of default. Plaintiffs do not cite to any legal authority to support the assertion that acts occurring after the entry of default factor into the good cause analysis.

Notably, the Summons attached to Plaintiffs' Response says at the top to contact an attorney if the recipient does not understand the document. (*See* Doc. 16-1.) This language would not exist if all lay persons could be expected to understand the document. Further, the court in *Mesle* took the lack of legal representation into consideration when it reasoned that "Mesle, a layman working without the aid of an attorney, [was incorrectly held] to the same standards to which we hold sophisticated parties acting with the benefit of legal representation." *Mesle*, 615 F.3d at 1091. Like *Mesle*, Defendant was *not* represented when his response to the Complaint was due or when default judgment was entered against him. (*See* Doc. 12-1 at ¶¶ 4-8.) In fact, Plaintiffs acknowledge in their Response that Plaintiffs' counsel's conversations were with an attorney representing Defendant's former employer, *not with Defendant*. (*See* Doc. 16 at 2.) Plaintiffs have also agreed to *three* extensions for the City of Phoenix to respond to the Complaint and freely admit they did not extend the same courtesy to Defendant at his former employer's counsel's request. (*See* Docs. 4, 11 and 14.) Plaintiffs now apparently intend to amend the Complaint, which has not been answered by any party, yet are disputing Defendant's request to set aside default judgment. (*See* Doc. 14.)

It is concerning that Plaintiffs would make such a serious and careless accusation against Defendant without basis and where it does nothing to establish culpable conduct. It is nothing more than a red herring allegation that could have serious consequences for

Defendant if taken seriously.

Plaintiffs are requesting this Court to reward them without having to prove the merits of their case. The courts have been clear that default judgment "is a *drastic* step appropriate only in *extreme* circumstances; a case should, whenever, possible, be *decided on the merits*." *Mesle*, 615 F.3d at 1091 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (emphasis added). Even a conscious choice not to answer is *not sufficient* to establish culpable conduct under Rule 55(c). *TCB Remarketing LLC v. Metro Auto Auction LLC*, 2021 U.S. Dist. LEXIS 127549, at * 2 (D. Ariz. July 8, 2021). Defendant did not even make a conscious decision to avoid answering the Complaint, he was simply ignorant of the legal process. Ignorance is not culpable conduct under *Mesle*.

Due to the foregoing reasons, Plaintiffs' Response fails to articulate a valid, legal basis for the Court to deny Defendant's Motion. Defendant has established that good cause exists to set aside the Entry of Default pursuant Rule 55(c), Fed. R. Civ. P. and respectfully requests this Court to set aside the entry of default judgment.

DATED:  August 12, 2024                **ZELMS ERLICH LENKOV & MACK**

By:  *s/ Fatima Badreddine*
Robert B. Zelms
Fatima Badreddine
*Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton*

3

# CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Karen Johnson Stillwell<br>**OFFICE OF THE PHOENIX CITY ATTORNEY**<br>200 W Washington, Ste. 1300<br>Phoenix, Arizona 85003-1611<br>karen.stillwell@phoenix.gov<br>lisa.danczewski@phoenix.gov<br>*Attorneys for Defendants City of Phoenix, Officer Christopher Turiano, and Officer William Gates* | Robert T. Mills<br>Sean A. Woods<br>**MILLS + WOODS LAW, PLLC**<br>5055 North 12th Street, Suite 101<br>Phoenix, Arizona 85014<br>Telephone 480.999.4556<br>docket@millsandwoods.com<br>swoods@millsandwoods.com<br>*Attorneys for Plaintiffs* |

*s/ Julie Rawlings*

4