Office of the Phoenix City Attorney
Julie M. Kriegh, City Attorney, No. 021175
Karen Stillwell, Assistant City Attorney, No. 022711
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Telephone (602) 262-6761
law.civil.minute.entries@phoenix.gov
*Attorney for Defendants City of Phoenix,*
*Officer Christopher Turiano, and*
*Officer William Gates*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Gellos, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix, et al.,<br><br>Defendants. | No. CV-24-01529-PHX-GMS<br><br>**PHOENIX DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., and A.R.S. §12-821.01, Defendants City of Phoenix, Officer Christopher Turiano, and Officer William Gates ("Phoenix Defendants"), move to dismiss the claims brought against them in Plaintiffs' Complaint (Doc. 1, Ex. A, pp. 5-19).

### I. **FACTUAL AND PROCEDURAL BACKGROUND**

On March 8, 2024, Plaintiffs filed the underlying Complaint in Maricopa County Superior Court. After being served with the Complaint, Phoenix Defendants timely and properly removed this matter to the District Court. (Doc. 1). On June 28, 2024, undersigned counsel contacted Plaintiffs' counsel regarding the deficiencies in their

Complaint. Plaintiffs' counsel agreed that some claims, specifically those related to A.R.S. §12-821.01, should be dismissed. However, despite assurances of an amended complaint, and the Court's willingness to grant multiple extensions for Phoenix Defendants to respond to the original Complaint (Docs. 5, 13, 15), Plaintiffs failed to amend their Complaint, thereby forcing Phoenix Defendants to file this Motion.

Plaintiffs allege that on March 9, 2023, they attended a Jimmy Buffett concert at the Footprint Center located in Phoenix, Arizona. (Doc. 1, Ex. A, p. 8 ¶19). After an apparent altercation or disagreement with another patron, Plaintiffs were approached by security guards. (Doc. 1, Ex. A, pp. 8-9). Plaintiffs claim they were "calm," but protested leaving and assert that Defendant Brunton "began violently swinging" Gellos' arms, leading her to believe her arm was broken. (Doc. 1, Ex. A, p. 9 ¶¶34-38). Plaintiffs then assert that Defendant Officer Turiano used reckless force, worsening the injury to Gellos' arm and causing Foster to be so "shocked," she needed a wheelchair. (Doc. 1, Ex. A, pp. 9-10 ¶¶41-44, 56-59). Finally, Plaintiffs assert that Defendant Officer Gates failed to intervene "reckless activities." (Doc. 1, Ex. A, p. 10 ¶45). Plaintiffs' current claims against Phoenix Defendants are:

Count I: Gross Negligence (City of Phoenix, Turiano and Gates)
Count III: Intentional Infliction of Emotional Distress (Against All Defendants)
Count IV: Negligent Infliction of Emotional Distress (Against All Defendants)
Count V: Assault and Battery (Against All Defendants)
Count VI: Excessive Force under Fourth Amendment and 42 U.S.C. §1983 (Against City of Phoenix, Turiano and Gates)
Count VII: Duty and Failure to Intervene (Against Gates only)

However, as Plaintiffs' counsel conceded during counsels' meet and confer correspondence, Plaintiffs' state law claims (Counts I, III, IV, V, and VII) should be dismissed. Plaintiffs also seek punitive damages against Phoenix Defendants, which is

2

prohibited by law against the Defendant City of Phoenix and against all Phoenix Defendants on all state law claims. *See* A.R.S. §12-820.04. Moreover, Defendants Officer Turiano and Officer Gates acted reasonably under the circumstances and are entitled to qualified immunity on Count VI and Count VII (to the extent that Count is based on federal law). Plaintiffs have not asserted any independent claims against Defendant City of Phoenix and, therefore, Defendant City of Phoenix should be dismissed from this lawsuit.

## II.  LEGAL ARGUMENT

### A.  Plaintiffs' Claims in Counts I, III, IV, V, and VII are Barred by Arizona's Notice of Claim Statute, A.R.S. §12-821.01.

The Arizona notice of claim statute specifically provides:

> Persons who have claims against a public entity **or a public employee** shall file claims with the person or persons authorized to accept service for the public entity or public employee . . . within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. **Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon**.

A.R.S. §12-821.01(A) (emphasis added).

"These statutory requirements serve several important functions: They 'allow the public entity to investigate and assess liability, . . . permit the possibility of settlement prior to litigation, and . . . assist the public entity in financial planning and budgeting.'" *Backus v. State*, 220 Ariz. 101, ¶ 10, 203 P.3d 499, 502 (2009), *quoting Deer Valley Unified School District No. 97 v. Houser*, 214 Ariz. 293, 295, ¶6, 152 P.3d 490, 492

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

(App. 2007) (emphasis added). "Actual notice and substantial compliance do not excuse failure to strictly comply with the statutory requirements of A.R.S. §12-821.01(A)." *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, ¶10, 144 P.3d 1254, 1256 (2006); *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 62, ¶23, 234 P.3d 623, 630 (App. 2010) ("[S]trict compliance with A.R.S. §12-821.01(A) is required and substantial compliance is insufficient.").

Pursuant to A.R.S. §12-821.01, to perfect a claim against an individual public employee, a claimant must personally serve a notice of claim on a public employee before filing a lawsuit based on that claim. *See Stulce v. Salt River Project Agr. Imp. & Power Dist.*, 197 Ariz. 87, 94, 3 P.3d 1007, 1014 (App. 1999). To properly serve an individual public employee with a notice of claim, the claimant must "deliver a notice of claim to the officer personally, an individual of suitable age and discretion residing with the officer, or the officer's appointed agent." *Simon*, 225 Ariz. at 61 ¶20, 234 P.2d at 629, *citing* A.R.S. § 12–821.01(A), Ariz. R. Civ. P. 4.1(d). Therefore, to bring a lawsuit against any of the individual defendants, Plaintiffs needed to comply with these requirements of service pursuant to A.R.S. §12-821.01.

In this case, the Notice of Claim was ***not*** personally served on Officer Turiano or Officer Gates; rather, Plaintiffs merely mailed the Notice of Claim to the officers. Submitting a Notice of Claim via mail does not satisfy the requirements of the statute and necessity for personal service. Accordingly, all state law claims (Counts I, III, IV, V, and VII) alleged against both officers are statutorily barred and must be dismissed pursuant to A.R.S. §12-821.01. In fact, as stated above, Plaintiffs' counsel agreed that they should be dismissed in previous meet and confer correspondence. Furthermore,

4

because there are no independent claims alleged against the City of Phoenix in any claim, Counts I, III, IV, V, and VII must also be dismissed as to Defendant City of Phoenix. Finally, Plaintiffs' demand for punitive damages against Phoenix Defendants is prohibited by law on all state law claims. *See* Ariz. Rev. Stat. § 12-820.04.

### B. Plaintiffs Failed to State Any Claim Against the City of Phoenix.

As discussed above, Plaintiffs failed to assert any independent state law claims against Defendant City of Phoenix and, therefore, those claims should be dismissed.

Plaintiffs further fail to assert any federal claims against Defendant City of Phoenix. In their Complaint, Plaintiffs allege "the Phoenix Defendants used excessive force which was objectively unreasonable under the totality of the circumstances. . . ." (Doc. 1, Ex. A, p. 15 ¶110). However, to bring a constitutional claim against a municipality under 42 U.S.C. § 1983, as opposed to an individual government employee, a plaintiff must allege that the policy, practice, or custom caused the alleged injury. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694–95 (1978). Plaintiffs fail to make any such allegation against the City.

In addition, Plaintiffs group the individual officers with the City of Phoenix as "Phoenix Defendants" and, therefore, seemingly make a claim against the individual officers in their official capacities. However, a claim against an individual government official in his official capacity is the same as a suit against the government entity itself. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Therefore, to the extent that Plaintiffs are asserting claims against any of the individual defendants in their "official capacity," it is the same as asserting a claim against the City.

Even if Plaintiffs properly alleged a federal claim against Defendants City of Phoenix (which they did not), to prove liability under *Monell,* a plaintiff must prove that (1) he was deprived of a constitutional right; (2) the municipality had a policy, practice or custom; (3) the policy, practice or custom amounted to deliberate indifference to his constitutional right; and (4) the policy, practice or custom was the moving force behind the constitutional violation. *Lockett v. Cnty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020); *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). In this case, Plaintiffs fail to allege any facts in his Complaint to demonstrate that a policy, practice, or custom of the City caused a violation of their constitutional rights. Further, punitive damages cannot be recovered against a municipality in a claim brought under federal law pursuant to 42 U.S.C. §1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

Accordingly, Plaintiffs failed to properly state any federal or state law claim against Defendant City of Phoenix and all Counts in the Complaint (as well as Plaintiffs' demand for punitive damages) against the City should be dismissed.

    **C.** **Officers Turiano and Gates Are Entitled to Qualified Immunity on Plaintiffs' Remaining Federal Claims Against Them and They Should Be Dismissed As Defendants.**

Under federal law, to state a claim upon which relief can be granted, a complaint must contain sufficient factual allegations to support the claims asserted and not just "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2000). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*., *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Nor does a complaint suffice if it tenders "naked assertion[s] devoid of 'further factual enhancement.'" *Id*. (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559. "As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n. 10 (11th Cir. 1996). Causes of action that fail to state a claim upon which relief can be granted are subject to dismissal under Fed. R. Civ. P. 12(b).

> 1. **Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted and, Even If They Had, Officers Turiano and Gates Would Be Entitled to Qualified Immunity.**
>
>> a. <u>Count VI – Fourth Amendment Excessive Force Claim</u>

In Count Six of their Complaint, Plaintiffs assert "Phoenix Defendants [City of Phoenix, Turiano and Gates] acted unreasonably by using unnecessarily excessive force as described herein." (Doc. 1, Ex. A, p. 15 ¶¶104, 110). By grouping the City of Phoenix, Officer Turiano and Officer Gates together as "Phoenix Defendants," Plaintiffs fail to identify which action was purportedly taken by which officer and, moreover, how that action constituted excessive force.

"A person subjects another to the deprivation of a constitutional right, within the meaning of [42 U.S.C. § 1983], if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark County Sch. Bd. of*

*Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007). A police officer cannot be held liable under Section 1983 simply because of the officer's "membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002); *see also Motley v. Parks*, 432 F.3d 1072, 1082 (9th Cir. 2005); *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). In other words, liability under Section 1983 may not be premised on "team liability" or a "team effort." *Jones,* 297 F.3d at 935. To state a claim against an officer under the "integral participant doctrine," a plaintiff must allege facts demonstrating that the officer's role exceeded the role of a bystander. *See Reynaga Hernandez v. Skinner*, 969 F.3d 930, 941 (9th Cir. 2020) (citing *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1090 (9th Cir. 2011)); *see also Torres v. City of Los Angeles,* 548 F.3d 1197 (9th Cir. 2008) (finding that detective who conducted investigation and provided information to arresting officers was not an integral participant in the unlawful arrest because she was not present when the arrest was made); *Cunningham v. Gates,* 229 F.3d 1271, 1290 (9th Cir. 2000), *as amended* (Oct. 31, 2000) (finding that non-present officers could not be held liable for failing to intercede to prevent their fellow officers from shooting the plaintiff).

As their allegations are written, aside from separately asserted Defendant Officer Gates "failed to intercede or intervene," Plaintiffs fail to differentiate which officer took what specific action and how the City of Phoenix can even be sued as part of "Phoenix Defendants" for these allegations as discussed above. Moreover, there are no allegations related to a violation of Plaintiff Foster's constitutional rights. Plaintiff Foster is not even mentioned in Count VI of Plaintiffs' Complaint. Accordingly, Count VI of Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Even if it does state a

1 viable claim, the individual officer defendants are entitled to qualified immunity, as
2 discussed below.

### b. Count VII–Failure to Intervene

In Count VII of Plaintiffs' Complaint, Plaintiffs simply assert "at no time did Gates make any affirmative step to intervene to protect Plaintiffs' constitutional rights." "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir.1994), *rev'd on other grounds*, 518 U.S. 81, 116 S. Ct. 2035 (1996). "[O]fficers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *see also Bruner v. Dunaway*, 684 F.2d 422, 426-27 (6th Cir.1982) (officers not present during time of alleged assault not liable); *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 207 n. 3 (1st Cir. 1990) (motion for summary judgment granted as officers had no "realistic opportunity" to prevent an attack committed by another officer).

In determining whether an officer should have intervened to stop a constitutional violation, the court should consider whether the bystanding officer was aware of the specific risk of harm to the citizen and whether that officer had the time and opportunity to intervene. *Fernandez v. Virgillo*, 2014 WL 828789, at *3, (D. Ariz., Mar. 4, 2014). Again, Plaintiffs do not identify when or how Gates purportedly should have "intervened" and do not identify any claims whatsoever related to Plaintiff Foster. Thus, Plaintiffs have failed to state a viable claim upon which relief can be granted.

…

…

### 2. Even if Plaintiffs Alleged Viable Claims Under Count VI and Count VII, Officers Turiano and Gates are Entitled to Qualified Immunity.

The United States Supreme Court has held that "[q]ualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 580 U.S. 73, 78-79 (2017) (internal quotation marks omitted). A right is clearly established when it is "sufficiently clear that **every** reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (emphasis added and internal quotation marks omitted). Qualified immunity thus protects "all but the plainly incompetent or those who knowingly violate the law." *Rico v, Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020), *quoting Dist. of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). The plaintiff bears the burden of proof to show that a right was clearly established. *Shooter v. Arizona*, 4 F.4th 955, 961 (9th Cir. 2021). Thus, unless Plaintiffs can show that Officers Turiano and Gates violated clearly established law under these specific circumstances, then qualified immunity applies.

Although "[the United States Supreme] Court's case law 'do[es] not require a case directly on point' for a right to be clearly established, 'existing precedent must have placed the statutory or constitutional question **beyond debate**.'" *White*, 580 U. S. at 79 (emphasis added and internal quotation marks omitted). This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (internal quotation marks omitted). In analyzing whether rights are clearly established, the Court must look to then-existing "cases of controlling authority" or, absent such cases, to a "robust

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

consensus" of persuasive authorities. *City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 617 (2015); *Evans v. Skolnik*, 997 F.3d 1060, 1066 (9th Cir. 2021). The court must consider whether "the violative nature of [the defendant's] **particular** conduct is clearly established . . . in light of the **specific context** of the case.'" *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020), *quoting Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016)). The United States Supreme Court has insinuated that constitutional rights can only be clearly established with on-point Supreme Court precedent and that controlling Circuit precedent is not sufficient to demonstrate clearly established law. *See Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5-8 (2021). Plaintiffs bear the burden of demonstrating that a right was clearly established prior to the claimed unlawful conduct by the officer. *See McCrae v. City of Salem*, 2023 WL 2447438, at *5 (D. Or. Mar. 10, 2023). Therefore, to demonstrate the right Plaintiffs claim was violated in this case was clearly established, Plaintiffs must cite on-point Supreme Court precedent, or at a minimum, a "robust consensus" of controlling Circuit precedent, which they cannot do.

As set forth above, Plaintiffs failed to allege any purported constitutional violation as to Plaintiff Foster. Moreover, Plaintiffs' Complaint is woefully inconsistent insofar as they first claim Defendant Brunton broke Plaintiff Gellos' arm, then claim "Phoenix Defendants" used excessive force, resulting in her arm being broken. (Doc. 1, Ex. A, p. 9 ¶¶34-38, p. 15 ¶110). Officers Turiano and Gates are entitled to qualified immunity because Plaintiffs have not met their burden of demonstrating that these officers violated their clearly established constitutional rights under the Fourth and/or Fourteenth Amendments. For these reasons, Counts VI and VII of Plaintiffs' Complaint should be dismissed as to Officers Turiano and Gates.

11

### III. **CONCLUSION**

For the foregoing reasons, Defendant Officers Turiano and Gates respectfully request that the Court dismiss Plaintiffs' allegations against them in their entirety, with prejudice and without leave to amend. In addition, because Plaintiffs failed to articulate any viable, independent claims against Defendant City of Phoenix, Defendant City of Phoenix respectfully requests that the Court dismiss Plaintiffs' allegations against it in their entirety, with prejudice and without leave to amend.

### IV. **CERTIFICATION PURSUANT TO LRCIV 12.1(c)**

Undersigned counsel certifies to the Court that before filing this Motion, she met and conferred with Plaintiffs' counsel by e-mail regarding the bases on which her clients would be seeking to dismiss the Complaint. Although Plaintiffs' counsel agreed that the state law claims should be dismissed and represented an amended complaint would be forthcoming, at the time of this filing, Plaintiffs failed to file an Amended Complaint addressing these deficiencies. The Court indicated no further extensions to respond to Plaintiffs' original Complaint would be granted (Doc. 15) and, therefore, Phoenix Defendants respectfully move to dismiss Plaintiffs' Complaint in its entirety.

DATED this 26th day of August, 2024.

> Office of the Phoenix City Attorney
> Julie M. Kriegh, City Attorney
>
> By_____/s/ Karen Stillwell_____
> Karen Stillwell
> Assistant City Attorney
> *Attorneys for Defendants City of Phoenix, Officer Christopher Turiano, and Officer William Gates*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing was sent to the following CM/ECF registrants:

Sean A. Woods
Mills and Woods Law PLLC
5055 North 12st Street, Suite 101
Phoenix, Arizona 85014
Attorneys for Plaintiffs

By: _/s/ D. Rios_
KLS:dr #2456220_1.doc