Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Susan Gellos, individually; Taryn Foster, individually, <br><br> Plaintiffs <br><br> vs. <br><br> City of Phoenix, a governmental agency; Christopher John Turiano and Jane Doe Turiano, husband and wife; William Gates and Jane Doe Gates, husband and wife; Richard Lee Brunton and Jane Doe Brunton, husband and wife; John and Jane Does 1-X; ABC Corporations I-X; XYZ Partnerships IX, <br><br> Defendants. | Case No.: CV-24-01529-PHX-GMS <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO PHOENIX DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> (Assigned to the Honorable G. Murray Snow) |

Through undersigned counsel, Plaintiffs Susan Gellos and Taryn Foster (collectively, "Plaintiffs") hereby respond in opposition to Phoenix Defendants' Motion to Dismiss Plaintiffs' Complaint (the "Motion"). This Response is supported by the following memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      LEGAL STANDARD**

The legal standard for Motions to Dismiss pursuant to Rule 12(b)(6) are regularly cited and well known to this Court.  "[T]o survive a motion to dismiss, a party must allege

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation omitted).

When resolving a Motion to Dismiss, a Court must accept as true all factual allegations in the complaint and construe those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Further, in the context of a motion to dismiss, the court properly resolves any doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

The probability of success at trial should not be considered, as "a well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citation omitted). Facts plead are assumed to be true, as "Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Consequently, motions to dismiss are disfavored and are to be granted only if there is no cognizable factual or legal basis for the claim.

If this Court decides that the Phoenix Defendants' Motion to Dismiss should be granted in part or in full, Plaintiffs respectfully request leave to amend their Verified Complaint to address any deficiencies deemed by this Court.

## II.    SERVICE OF NOTICE OF CLAIM

As a preliminary matter, Plaintiffs agree with certain arguments made by the Phoenix Defendants. Plaintiffs agree that they did not personally serve via a process server a Notice of Claim on the individual Phoenix Defendants, Christopher John Turiano and William Gates. There, however, remain conflicting opinions in our District as to whether the mailing of a Notice of Claim is sufficient for individual defendants rather than a governmental entity – which is proper and valid service. *See Fernandez v. City of Phoenix,* CV 11-02001-PHX-FJM, at *4 (D. Ariz. June 1, 2012) ("It is true that plaintiffs could have mailed their notice of claim and presented proof of proper mailing as evidence of actual receipt. *Lee*, 218 Ariz. at 239, 182 P.3d at 1173; *see also Reeves v. City of Show Low*, CV-08-8157-PCT-PGR, 2009 WL 1125414, at *2 (D. Ariz. Apr. 27, 2009)").  The *Fernandez* Court cited well-established case law that the mailing of a Notice of Claim to the proper department of a governmental entity is sufficient for service to that governmental entity. The Court expanded that analysis to deem it sufficient service to mail to an individual as well. The Phoenix Defendants do not argue that the Notices of Claims

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

were not delivered via mail prior to the expiration of the Notice of Claim deadline – Turiano was sent the notice of claim certified to his home address. *Fernandez* was decided after the cases that the Phoenix Defendants cite.

Regardless, if this Court declines to follow *Fernandez*, Plaintiffs agree that Turiano and Gates should be dismissed individually from Counts I [Gross Negligence], III [Intentional Infliction of Emotional Distress, IV [Negligent Infliction of Emotional Distress], and Count V [Assault and Battery]. This, however, is not enough to let the City off the hook for these claims under *respondeat superior*. In this case, the City was properly and timely served the notice of claim.

### III.    PLAINTIFFS HAVE ASSERTED NO CONSTITUTIONAL CLAIMS AGAINST THE CITY.

The Phoenix Defendants suggest that Plaintiffs have made Constitutional claims against the City of Phoenix (the "City") – outside of the individual claims against Turiano and Gates. There are no individual claims pled against the City under 42 U.S.C. § 1983, such as a *Monell* claim – nor is *respondeat superior* relied upon as a theory by Plaintiffs under the Federal claims in the Verified Complaint. To the extent that Plaintiffs were unclear as to whether the Federal claims against Turiano and Gates also included the City, Plaintiffs are ready and willing to amend counts VI and VII to properly reflect that they are pled against Turiano and Gates and not the City.

### IV.    PLAINTIFFS ALLEGE THAT TURIANO AND GATES ARE SUED BOTH IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY.

The Phoenix Defendants make the argument that because of the inclusion of the City in the "Phoenix Defendants" definition in the Verified Complaint, that Counts VI and

VII fail because they "seemingly make a claim against against the individual officers in their official capacities." Motion Doc 18; p.5. However, the Verified Complaint is clear that Turiano and Gates are being sued in both their official and individual capacities. Verified Complaint ¶¶ 9, 11, 103.

## V. OFFICERS TURIANO AND GATES ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

Granting dismissal on the basis of qualified immunity pursuant to a Rule 12(b)(6) motion is only appropriate if, on the face of the complaint, the qualified immunity applies. *Groten v. California*, 251 F.3d. 844, 851 (9th Cir. 2001) *Morley v. Walker*, 15 F.3r 756, 76 (9th Cir 1999) (because the allegations in the complaint are regarded as true on a motion to dismiss, dismissal based on qualified immunity is inappropriate). Government officials are not entitled to qualified immunity when: (1) a plaintiff's allegations make out a violation of a constitutional right, and; (2) the right was clearly established at the time of the official's alleged misconduct. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1249 (9th Cir. 2016).

In *Saucier*, the Supreme Court established a two-part analysis to determine if qualified immunity applied in a lawsuit "against an officer for an alleged violation of a constitutional right" holding first that it "must be whether a constitutional right would have been violated on the facts alleged" and second, whether or not the right was clearly established. *Id*. *Saucier v. Katz*, 533 U.S. 194, 200, 121 S. Ct. 2151, 2155, 150 L. Ed. 2d 272 (2001). The qualified immunity inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. Judges

are permitted to exercise their discretion in deciding which of the two prongs should be addressed first considering the case. *Pearson v Callahan* 555 U.S. 223, 242 (2009).

For qualified immunity purposes, "the contours of the right must be sufficiently clear that at the time the allegedly unlawful act is [under]taken, a reasonable official would understand that what he is doing violates that right;" and "in the light of pre-existing law the unlawfulness must be apparent." *Mendoza v. Block*, 27 F.3d 1357, 1361 (9th Cir. 1994) (quotations omitted).

Plaintiff need not identify a case directly on point – especially at the Motion to Dismiss stage – to show that Defendants violated clearly established law, as the Ninth Circuit, citing *Hells Angels* and *Mena* as examples where it did so, has definitively stated that it has "not hesitated to deny qualif[ied] immunity to officials in circumstances where officers needlessly or unreasonably destroyed property during a search, 'even without a case directly on point.'" *Wright*, 981 F.3d at 735 (emphasis added) (quoting *A.D. v. Cal. Highway Patrol,* 712 F.3d 446, 455 (9th Cir. 2013) (first citing *Hells Angels*, 402 F.3d at 975; and then citing *Mena*, 226 F.3d at 1041). While this is not a destruction of property case, the holding is still directly relevant. It is impossible for the Courts to cover any and all scenarios that can exist in the wild.

The Phoenix Defendants cite multiple cases that Courts have ruled on this issue at the *Motion for Summary Judgment* stage. These include:

- *White v. Pauly*, 137 S. Ct. 548, 550 (2017)

- *Brosseau v. Haugen*, 543 U.S. 194 (2004)

- *Evans v. Skolnik*, 997 F.3d 1060, 1063 (9th Cir. 2021)

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

- *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7 (2021)

- *McCrae v. City of Salem*, 6:20-cv-01489-MC, at *4 (D. Or. Mar. 21, 2022)

The remaining case cited, *Rico v. Ducart*, 980 F.3d 1292, 1297 (9th Cir. 2020), was decided at the Motion to Dismiss stage. The Trial Court denied the Motion to Dismiss based on qualified immunity, and the Defendants appealed. That case involved what the Plaintiff called excessive noise generated from the prison guards increased rounds to monitor for inmate suicide. The Ninth Circuit held that "[w]e review de novo a denial of a motion to dismiss based on qualified immunity, accepting as true all well-pleaded allegations of material fact. *Hernandez v. City of San Jose*, 897 F.3d 1125, 1131–32 (9th Cir. 2018) (citations omitted)." *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020). Reviewing the allegations, the Court held "[w]e must consider "whether the violative nature of [the defendants'] *particular* conduct is clearly established ... in light of the *specific context* of the case." *Id.* at 1298. Applying those holdings to the facts alleged, under the first prong of a qualified immunity analysis, the Court held that "[e]xisting precedent does recognize *general* rights against excess noise and prison conditions that deprive inmates of 'identifiable human need[s],' such as sleep." *Id.*

They analyzed the factual allegations under the second prong of a qualified immunity analysis – "whether existing precedent placed the question 'beyond debate' that every reasonable official would have understood that his specific actions violated a clearly established right" and held that it did not. *Id.* The existing case law held that an inmate is entitled to freedom of excessive noise from other inmates. However, the Court held that there was not a consensus of cases related to a constitutional right to be free from excessive

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

noise from the prison guards. The *Rico* case is not analogous to this case. There is a wealth of case law that is directly analogous to the facts alleged in Plaintiffs' Verified Complaint.

In this case, contrary to the Phoenix Defendants' arguments, Plaintiffs are not required to cite "on-point Supreme Court precedent, or at a minimum, a 'robust consensus'" of controlling Circuit precedent" in order to defeat qualified immunity.  See Defs.' Mot. 11:12-14. *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4 (2021), cited by Phoenix Defendants, does not stand for such a proposition.  Instead, it holds that "this Court's case law does **not** require a case directly on point for a right to be clearly established," *id.* at 7-8 (emphasis added) (*quoting White*, 137 S.Ct. at 551), and merely requires that "existing precedent must have placed the statutory or constitutional question beyond debate," *id.* at 8. Importantly, *Rivas-Villegas* also holds that in obvious cases, even standards that are "cast 'at a high level of generality'" can sufficiently supply the requisite clearly established law that defeats qualified immunity.  *See id.* (quoting *Brosseau*, 543 U.S. at 199).

Here, the applicable standard has been sufficiently set forth in applicable caselaw to defeat Defendants' claims of qualified immunity – especially at this stage of litigation. "The Ninth Circuit has **long held** that 'where there is no need for force, any force used is constitutionally unreasonable.'" *Tillard v. Strawser*, CV 20-00922-PHX-JAT (DMF), at *16 (D. Ariz. Jan. 25, 2022) (emphasis added) (quoting *Headwaters Forest Def. v. Cnty. of Humboldt*, 240 F.3d 1185, 1199 (9th Cir. 2000), *vacated and remanded on other grounds, Cnty. of Humboldt v. Headwaters Forest Def.*, 534 U.S. 801 (2001)) (holding that in light of copious Ninth Circuit precedent, a police officer was on sufficient notice that using force against an individual who "was not threatening the officer, resisting, or causing

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

any provocation, would violate the Fourth Amendment"). "In 2003, . . . the Ninth Circuit found that the 'officers' use of severe force was constitutionally excessive' in light of the fact that the force was used when the plaintiff was 'handcuffed and lying on the ground,' and the officers were not entitled to qualified immunity." *Id.* (quoting *Drummond v. City of Anaheim*, 343 F.3d 1052, 1059, 1062 (9th Cir. 2003) (holding that "no federal case directly on point [was needed] to establish" that the conduct at issue violated clearly established law and constituted excessive force)); (first citing *Motley v. Parks*, 432 F.3d 1072, 1088 (9th Cir. 2005) ("[t]he use of force against a person who is helpless or has been subdued is constitutionally prohibited"), *overruled on other grounds by United States v. King*, 687 F.3d 1189 (9th Cir. 2012); then citing *Fontana v. Haskin*, 262 F.3d 871, 880 (9th Cir. 2001) ("[g]ratuitous and completely unnecessary acts of violence by the police during a seizure violate the Fourth Amendment"); then citing *P.B. v. Koch*, 96 F.3d 1298, 1303-04 & n.4 (9th Cir. 1996) ("since there was no need for force, [the defendant's] use of force was objectively unreasonable"); and then citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (officers not entitled to qualified immunity because the state of the law put the officers on notice that "punching [the plaintiff] to free his arms when, in fact, he was not manipulating his arms in an attempt to avoid being handcuffed," violated the Fourth Amendment).

Here, Plaintiffs have sufficiently pled a Constitutional violation. Plaintiffs pled that Turiano participated in the force that contributed to the injuries sustained by Gellos. Verified Complaint ¶¶ 43-44. Plaintiffs pled that "[i]n their police reports, Gates and Turiano claim that Gellos was a danger to them and somehow caused them harm – so much

so that breaking her arm in half was justified." *Id.* at ¶ 46. Plaintiffs pled that the level of force used against a small senior citizen woman was recklessly indifferent to Gellos and that she was dwarfed by the officers. *Id.* at ¶¶ 47-48. Plaintiffs pled that Turiano put Gellos into an armlock on her right arm – the same arm that was broken in the incident. *Id.* at 41. Plaintiffs have pled enough – the Phoenix Defendants knew that Gellos was diminutive and in severe pain; the Phoenix Defendants understood that force would intensify the pain and cause harm or injury to Gellos; the Phoenix Defendants ignored the risk of substantial harm and instead inflicted even more upon Gellos. Plaintiffs have pled that Gellos was not resisting arrest, that she was unarmed, that she did not present a danger to herself or the community, that she was a small senior citizen woman, and that the Phoenix Defendants disregarded all of this and contributed to the result – a broken humerus bone. *Id.* at ¶¶ 104-110. And as discussed herein, any force used when unnecessary, is excessive force and is an established Constitutional right that, when violated, provides enough basis for a claim for a violation of that Constitutional right.

At this stage, the Court must accept as true all factual allegations in the complaint and construe those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). As described herein, the Phoenix Defendants are not protected by qualified immunity. Thus, the Phoenix Defendants' motion to dismiss should be denied.

///

///

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

1

## VI.   DUTY AND FAILURE TO INTERVENE

2

"[P]olice officers have a duty to intercede when their fellow officers violate the

3

4

constitutional rights of a suspect or other citizen." *Cunningham*, 229 F.3d at 1289

5

(quotations omitted) (*quoting United States v. Koon*, 34 F.3d 1416, 1447, n.25 (9th Cir.

6

1994)). "Importantly, however, officers can be held liable for failing to intercede only if

7

they had an opportunity to intercede." *Id*. (citation omitted). "[T]he constitutional right

8

violated by the passive defendant is analytically the same as the right violated by the person

9

who strikes the blows." *Koon*, 34 F.3d at 1447 n.25, rev'd on other grounds, 518 U.S. 81

10

11

(1996).  Officers are liable for a breach of this duty if they had a 'realistic opportunity' to

12

intercede.  *Cunningham*, 229 F.3d at 1289-90.

13

14

Moreover, liability under § 1983 extends to officers "who perform functions

15

'integral' to an unlawful search, even if their individual actions do not themselves rise to

16

the level of a constitutional violation." *Bravo v. City of Santa Maria*, 665 F.3d 1076 (9th

17

Cir. 2011).  Officers that provide armed backup during an unconstitutional search are

18

19

integral to that search.  *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004) (each

20

officer involved in the search operation was an integral participant).

21

To be liable for unconstitutional conduct, an officer must have either been

22

personally involved, or an integral participant, in the conduct. *See Jones v. Williams*, 297

23

24

F.3d 930, 936 (9th Cir. 2002).  Officers who provide armed cover or backup on premises

25

where a constitutional violation occurs are integral participants in the violation. *See, e.g.,*

26

*Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009).  Moreover, a supervisor may be

27

28

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

liable for other officers' conduct if he knows about, approves or encourages, directs, or sets in motion acts leading to, the conduct.  *See Jones*, 297 F.3d at 937 n.4.

Defendant Gates was at all times present in the apprehension and subsequent injuries to Gellos. At any point, Gates could have interceded and prevented excessive force from being used on Gellos. He had every opportunity to stop Turiano from putting Gellos into an arm lock on her already injured arm. Again, Gellos was not resisting arrest, she was unarmed, she did not present a danger to herself or the community, she was a small senior citizen woman, and the Phoenix Defendants disregarded all of this and contributed to the result – a broken humerus bone. *Id.* at ¶¶ 104-110. Gates could have and should have intervened to prevent further harm to Gellos. A variety of decisions could and should have been made to prevent this harm – including demanding that Turiano not use the techniques he used that contributed to the harm to her arm. Gates did not, and therefore as an integral participant to the events, is just as liable as Turiano.

## VII.   CONCLUSION

For the foregoing reasons, this Court should deny the Phoenix Defendants' Motion to Dismiss. If the Court, however, deems that some or all of the Phoenix Defendants' Motion should be granted, Plaintiffs respectfully request the opportunity to amend those claims that could be addressed by further amendment or clarification.

///

///

///

///

12

1

**RESPECTFULLY SUBMITTED** this 23rd day of September 2024.

2

3

**MILLS + WOODS LAW, PLLC**

4

5

By    */s/ Sean A. Woods*
   Robert T. Mills
   Sean A. Woods
   5055 North 12th Street, Suite 101
   Phoenix, AZ 85014
   *Attorneys for Plaintiffs*

6

7

8

9

10

**CERTIFICATE OF SERVICE**

11

   I hereby certify that on September 23, 2024, I electronically transmitted the

12

foregoing document to the Clerk's Office using the ECF System for filing and transmittal

13

of a Notice of Electronic Filing to the following ECF registrants:

14

Karen Johnson Stillwell

15

karen.stillwell@phoenix.gov
lisa.danczewski@phoenix.gov
**OFFICE OF THE PHOENIX CITY ATTORNEY**

16

law.civil.minute.entries@phoenix.gov

17

200 W Washington, Ste. 1300
Phoenix, Arizona 85003-1611

18

*Attorneys for Defendants City of Phoenix,*
*Officer Christopher Turiano, and Officer*

19

*William Gates*

20

Robert B. Zelms

21

rzelms@zelmserlich.com
Fatima Badreddine

22

fatima@zelmserlich.com

23

**ZELMS ERLICH LENKOV & MACK**
5415 E High St., Ste. 425

24

Phoenix, Arizona 85054

25

*Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton*

26

27

   */s/ Ben Dangerfield*

28

*MILLS + WOODS LAW, PLLC*
*5055 North 12th Street, Suite 101*
*Phoenix, AZ 85014*
*480.999.4556*