OFFICE OF THE CITY ATTORNEY
JULIE M. KRIEGH, City Attorney State Bar No. 021175
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Telephone (602) 262-6761
law.civil.minute.entries@phoenix.gov

Karen Stillwell, Assistant City Attorney, No. 022711
*Attorneys for Defendants City of Phoenix,*
*Officer Christopher Turiano, and*
*Officer William Gates*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Gellos, et al., | No. CV-24-01529-PHX-GMS |
| Plaintiffs, | **PHOENIX DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| vs. | |
| City of Phoenix, et al., | (Assigned to the Honorable G. Murray Snow) |
| Defendants. | |

Defendants City of Phoenix, Officer Christopher Turiano, and Officer William Gates ("Phoenix Defendants") respectfully submit their Reply in support of their Motion to Dismiss. Although Plaintiffs seemingly "agree with certain arguments" in the Motion to Dismiss, they request, should the Court grant the Motion, that they be given an opportunity to amend their Complaint. (Doc. 21, p. 3).[1]

---

[1] As mentioned in the underlying Motion, Phoenix Defendants agreed to multiple extensions based on Plaintiffs' multiple assurances of a forthcoming amended complaint. (Docs. 5, 13, 15, 20) However, Plaintiffs failed to amend their Complaint, despite their "agreement" with arguments necessitating dismissal and this briefing became necessary.

A. **Plaintiffs' Claims in Counts I, III, IV, V, and VII are Barred.**

After agreeing with Phoenix Defendants' arguments, in a feigned effort to avoid dismissal, Plaintiffs rely upon *Fernandez v. City of Phoenix*, 2012 WL 1985682 (D. Ariz. 2012). However, the issue in *Fernandez* was not service by mail. Instead, the issue was whether equitable tolling applied when the plaintiff attempted *personal* service upon the individual officer multiple times and the officer seemingly evaded *personal* service. It was the officer who rebutted that plaintiff could have just served him via mail. Although the Court acknowledged a governmental entity could be served by mail, it found in that case that deadline should be tolled because of the multiple attempts to serve the officer *personally*.

Indeed, aside from Plaintiffs' comment in their Response that the Notice of Claim was mailed to the individual officers, Plaintiffs offer absolutely no proof of the same. *See Hughes v Kisela*, 2012 WL 1605904 *2 (D. Ariz 2012) (even if service of a Notice of Claim upon an individual is sufficient, the "mail delivery rule" only applies if plaintiff presents "proof of proper mailing—timely sent, correctly addressed, and postage paid"). In *Hughes*, the court noted that the standards set forth in *Lee v. State of Arizona*, 218 Ariz. 235, 239, 182 P.2d 1169, 1173 (2008), regarding service of a notice of claim by mail addressed only service of a notice of claim on the state, not an individual. *Id*.; *see also Stuart v. City of Scottsdale*, 2021 WL 3675220 (D. Ariz. 2021) (relying upon *Kenney v. City of Mesa*, 2012 WL 5499424 (Ariz. App. 2012) "noting that personal delivery is required in the case of 'individuals, not governmental subdivisions,' and that 'notices of claim may be accomplished by regular mail delivery' only in the case of governmental subdivisions"). In this case, Plaintiffs have not provided any evidence that the individual officers received (or presumptively received) the Notices of Claim.

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

Accordingly, because "strict compliance with A.R.S. §12-821.01(A) is required and substantial compliance is insufficient," *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 62, ¶23, 234 P.3d 623, 630 (App. 2010), all state law claims (Counts I, III, IV, V, and VII) alleged against both officers are statutorily barred and must be dismissed pursuant to A.R.S. §12-821.01. Finally, Plaintiffs' demand for punitive damages against Phoenix Defendants is prohibited by law on all state law claims and must be dismissed. *See* Ariz. Rev. Stat. § 12-820.04. Plaintiffs seemingly concede this point as they did not address it in their Response. (Doc. 21).

B.  **Plaintiffs Concede There is No Constitutional Claim Against the City.**

Plaintiffs' allegations related to Defendant City of Phoenix are unclear, i.e., that "the Phoenix Defendants used excessive force which was objectively unreasonable under the totality of the circumstances . . ." and "The City of Phoenix is vicariously liable under the principle of *respondeat superior* for the actions and inactions of the employees of the Phoenix Police Department . . . as to any claims that are asserted by Plaintiff as a result of violations of the Arizona Constitution and Arizona common law. . . ." (Doc. 1, Ex. A, p. 15 ¶¶ 14, 110). However, Plaintiffs' counsel now avows that there are no constitutional claims against Defendant City of Phoenix and again promises an amended complaint to address this discrepancy. (Doc. 21, p. 4).

Interestingly, in contrast, Plaintiffs assert that "the Verified Complaint is clear that Turiano and Gates are being sued in both their official and individual capacities. Verified Complaint ¶¶ 9, 11, 103." (Doc. 21, p. 5). As stated in the underlying Motion, a claim against an individual government official in his ***official capacity*** is the same as a suit against the government entity itself. *See Brandon v. Holt*, 469 U.S. 464, 471-72

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

(1985). Therefore, to the extent that Plaintiffs are asserting claims against any of the individual defendants in their "official capacity," it is the same as asserting a claim against the City. Thus, as a result of Plaintiffs' ongoing confusion regarding the basis for their claims, Plaintiffs have failed to properly plead their allegations.

Plaintiffs have avowed there are no federal claims against Defendant City of Phoenix and, therefore, Plaintiffs cannot maintain a claim against the individual officers in their "official capacity." Thus, any federal claims against Defendant City of Phoenix and/or Officers Turiano and Gates in their "official capacities" should be dismissed from this lawsuit.

**C.   Qualified Immunity Applies To Plaintiffs' Federal Claims Against Officers Turiano and Gates.**

Plaintiffs assert that qualified immunity should not be granted at the Motion to Dismiss stage; however, qualified immunity is an affirmative defense or "an entitlement not to stand trial or face the other burdens of litigation." *Hopkins v. Bonvicino*, 573 F.3d 752, 762 (9th Cir.2009) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S. Ct. 2806 (1985)). Indeed, "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan,* 555 U.S. 223, 231, 129 S. Ct. 808 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727 (1982)). "The 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to

discovery.'" *Pearson,* 555 U.S. at 231, 129 S. Ct. 808 (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, n. 2, 107 S. Ct. 3034 (1987)).

As discussed in the underlying Motion, Plaintiffs' Complaint is woefully inconsistent insofar as they first claim Defendant Brunton broke Plaintiff Gellos' arm, then claim "Phoenix Defendants" used excessive force, resulting in her arm being broken. (Doc. 1, Ex. A, p. 9 ¶¶34-38, p. 15 ¶110). Contrary to Plaintiffs' assertions in their Response that no force may be used by police officers, the Fourth Amendment does not prohibit any force, it prohibits *unreasonable* force. Indeed, when effecting an arrest, the Fourth Amendment requires that officers use only such force as is "objectively reasonable" under the circumstances. *Jackson v. City of Bremerton,* 268 F.3d 646, 651 (9th Cir. 2001). To determine whether the force used was reasonable, the courts balance "the nature and quality of the intrusion on the individual's Fourth Amendment interest against the countervailing governmental interests at stake." *Graham v. Connor,* 490 U.S. 386, 396–97, 109 S. Ct. 1865 (1989) (internal quotation marks omitted). Furthermore, the reasonableness must be judged from the perspective of a reasonable officer on the scene and allow for the fact that officers often have to make split-second decisions under evolving and uncertain circumstances. *Jackson,* 268 F.3d at 651.

Here, as discussed above and in the underlying Motion, Plaintiffs' Complaint is inconsistent and improperly groups together "Phoenix Defendants," defined as City of Phoenix, Officer Turiano and Officer Gates, without delineating what each officer allegedly did and how that violated a clearly established constitutional right. Plaintiffs have failed to point to any case law demonstrating that the specific force that they claim Officer Turiano used against Plaintiff Gellos was unreasonable under the circumstances

5

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

and that it violated a clearly established right. Indeed, admittedly, in their Response, Plaintiffs cite cases that address conduct not at issue here, such as the unreasonable destruction of property during a search and excessive noise from prison guards. The only case cited by Plaintiff that addresses the use of excessive force is a district court case with facts much different from the facts at issue here that was decided at the summary judgment stage. In *Tillard v. Strawser*, 2022 WL 220488, at *1 (D. Ariz. Jan. 25, 2022), the Plaintiff alleged that **after** he was handcuffed, one of the defendant officers pulled on the handcuffs to get him to his feet and that later in a holding cell at the jail, another defendant officer grabbed Plaintiff's handcuffs while he was seated and also "jammed his right knee into Plaintiff's side ribs & stomach causing Plaintiff severe pain and breathing difficulty." The *Tillard* court stated that the right at issue in that case was "the right of an arrestee who is sitting handcuffed in a holding cell and is not threatening or resisting officers to be free from being yanked up by the handcuff chain and then kneed in the torso." *Id.* at *9. That is not the force Plaintiffs allege here. Instead, they claim that after they had an altercation with another patron at the concert and were confronted by security, they were protesting leaving, and when they got in an elevator Officer Turiano put her in an armlock to gain control over her to which she responded by moving her body to a different position after which "Defendants responded with even more [unspecified] force." (Doc. 1, Exhibit A, pp. 5-6, ¶¶ 28-43).

The Ninth Circuit has held that use of an arm lock to control a suspect is objectively reasonable under the circumstances, even when the criminal conduct underlying the detention or arrest of an individual is not severe, if the individual has shown to pose a possible threat and even when the individual contends that he or she

only sought to escape the officer's grasp to shift into a less painful position. *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1096–97 (9th Cir. 2006). In reaching that conclusion, the *Tatum* court stated, "we have held more aggressive police conduct than [Officer] Smith's objectively reasonable, even where the conduct resulted in serious physical injury." *Id.*, *citing Johnson v. County of Los Angeles,* 340 F.3d 787, 793 (9th Cir. 2003) (concluding that hard pulling and twisting to remove a suspect from a crashed getaway car was objectively reasonable even though Johnson asserted that the officer's conduct rendered him paraplegic); *Eberle v. City of Anaheim,* 901 F.2d 814, 819–20 (9th Cir.1990) (upholding a jury's verdict that a police officer's use of a finger hold to control a belligerent football fan was objectively reasonable). The court concluded that the officer did not apply more force than necessary to restrain the plaintiff to gain control of him and that the officer's use of a control hold was objectively reasonable. *Id.* Plaintiffs have failed to meet their burden of demonstrating that Officer Turiano violated a clearly established constitutional right.

Regarding the alleged failure of Officer Gates to intervene, there is no obligation to intervene in the use of force that is reasonable under the circumstances. *See Harmon v. City of Pocatello*, 431 F. Supp. 3d 1135, 1159 (D. Idaho 2020), *aff'd*, 854 F. App'x 850 (9th Cir. 2021) (holding that when a claim for failure to intervene is based on an officer's alleged observation that excessive force was used on the suspect, the claim fails when there is a finding that the first officer's use of force was not unreasonable). Plaintiffs have failed to demonstrate that Officer Turiano violated Plaintiff Gellos' clearly established constitutional rights, and thus Officer Gates did not either.

…

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

For these reasons, Officers Turiano and Gates are entitled to qualified immunity because Plaintiffs have not met their burden of demonstrating that these officers violated their clearly established constitutional rights under the Fourth and/or Fourteenth Amendments. Accordingly, Counts VI and VII of Plaintiffs' Complaint should be dismissed as to Officers Turiano and Gates.

**D.** **Plaintiffs Alleged No Constitutional Violations as to Plaintiff Foster.**

There are no allegations related to a violation of Plaintiff Foster's constitutional rights. Plaintiff Foster is not even mentioned in Count VI or VII of Plaintiffs' Complaint. Plaintiffs fail to address this in their Response and, therefore, concede the point. Accordingly, to the extent Count VI or VII of Plaintiffs' Complaint applies to Plaintiff Foster, it fails and should be dismissed as to Plaintiff Foster.

**E.** **Conclusion**

For the foregoing reasons, Defendant Officers Turiano and Gates respectfully request that the Court dismiss Plaintiffs' allegations against them and all requested damages in their entirety, with prejudice and without leave to amend. Although Plaintiffs' counsel has provided multiple assurances that an amended complaint would be forthcoming, none has been filed. Plaintiffs should not now be afforded an additional opportunity to do so to rectify the errors and inconsistencies in their Complaint.

In addition, because Plaintiffs expressly denounced any federal claims against Defendant City of Phoenix, Defendant City of Phoenix respectfully requests that the

Court dismiss those allegations and Plaintiffs' demand for punitive damages, with prejudice and without leave to amend.[2]

DATED this 11th day of October, 2024.

JULIE M. KRIEGH, City Attorney

By  /s/ Karen Stillwell
    Karen Stillwell
    Assistant City Attorney
    200 West Washington, Suite 1300
    Phoenix, Arizona 85003-1611
    *Attorneys for Defendants City of Phoenix,*
    *Officer Christopher Turiano, and*
    *Officer William Gates*

---

[2] Should the Court dismiss the state law claims against Officers Turiano and Gates for Plaintiffs' failure to comply with A.R.S. §12-821.01 and the remaining federal claims, the only remaining claim would be for *respondeat superior* against Defendant City of Phoenix and, therefore, this case should be remanded.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing was sent to the following CM/ECF registrants:

Sean A. Woods
Mills and Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
swoods@millsandwoods.com
Attorneys for Plaintiffs


Robert B. Zelms
rzelms@zelmserlich.com
Fatima Badreddine
fatima@zelmserlich.com
ZELMS ERLICH LENKOV & MACK
5415 E High St., Ste. 425
Phoenix, Arizona 85054
*Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton*


By: __/s/ D. Rios__
KLS:dr #2463678_1.doc