Robert B. Zelms, Arizona Bar No. 018956
*rzelms@zellaw.com*
Fatima Badreddine, Arizona Bar No. 030402
*fatima@zellaw.com*
**ZELMS ERLICH LENKOV**
5415 E. High Street, Suite 425
Phoenix, Arizona 85054
Phone: (480) 608-2114

*Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Gellos, individually; Taryn Foster, individually, <br><br> Plaintiff, <br><br> v. <br><br> City of Phoenix, a governmental agency; Christopher John Turiano and Jane Doe Turiano, husband and wife; William Gates and Jane Doe Gates, husband and wife; Richard Lee Brunton and Jane Doe Brunton, husband and wife; John and Jane Does 1-X; ABC Corporations I-X; XYZ Partnerships IX, <br><br> Defendants. | Case No.  CV-24-01529-PHX-GMS <br><br> **DEFENDANT RICHARD LEE BRUNTON'S ANSWER** <br><br> (Honorable G. Murray Snow) |

Defendant Richard Lee Brunton ("Defendant"), by and through undersigned counsel, for his Answer to Plaintiffs' Verified Complaint ("Plaintiffs' Complaint"), admits, denies, and/or affirmatively alleges as follows:

## **INTRODUCTION**

Although this section is not a separate, numbered paragraph, Defendant admits only that Plaintiffs Susan Gellos and Taryn Foster were present at the Footprint Center in downtown Phoenix, Arizona for a Jimmy Buffet concert on or around March 9, 2023.

Defendant denies the remaining allegations in the Introduction section.

## JURISDICTION AND VENUE

1. Defendant denies the allegations in paragraph 1.

2. Defendant does not have sufficient information to respond to the allegations in paragraph 2 and, therefore, denies the same.

3. Defendant does not have sufficient information to respond to the allegations in paragraph 3 and, therefore, denies the same.

4. Defendant does not have sufficient information to respond to the allegations in paragraph 4 and, therefore, denies the same.

5. Responding to paragraph 5, Defendant admits only that the allegations in Plaintiffs' Complaint pertain to an event in Maricopa County, Arizona. Defendant denies any allegation of wrongdoing or liability. Further, Defendant does not have sufficient information to respond to the remaining allegations in paragraph 5 and, therefore, denies the same.

6. Responding to paragraph 6, Defendant admits only that the allegations in Plaintiffs' Complaint pertain to an event in Maricopa County, Arizona. Defendant denies any allegation of wrongdoing or liability. Further, Defendant does not have sufficient information to respond to the remaining allegations in paragraph 6 and, therefore, denies the same.

## PARTIES

7. Responding to paragraph 7, Defendant admits only that the City of Phoenix is a governmental entity, and that the City of Phoenix did not act through Defendant. Defendant does not have sufficient information to respond to the remaining allegations in paragraph 7 and, therefore, denies the same.

8. Defendant does not have sufficient information to respond to the allegations in paragraph 8 and, therefore, denies the same.

9. Defendant does not have sufficient information to respond to the allegations in paragraph 9 and, therefore, denies the same.

10. Defendant does not have sufficient information to respond to the allegations in paragraph 10 and, therefore, denies the same.

11. Defendant does not have sufficient information to respond to the allegations in paragraph 11 and, therefore, denies the same.

12. Responding to paragraph 12, Defendant admits that he is and was a resident of Maricopa County, Arizona on March 9, 2023. Defendant denies the remaining allegations in paragraph 12.

13. Paragraph 13 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 13 and, therefore, denies the same.

14. Paragraph 14 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 14 and, therefore, denies the same.

15. Defendant denies the allegations in paragraph 15.

16. Paragraph 16 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 16 and, therefore, denies the same.

17. Paragraph 17 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 17 and, therefore, denies the same.

18. Paragraph 18 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 18 and, therefore, denies the same.

## **FACTUAL ALLEGATIONS**

19. Defendant admits the allegations in paragraph 19.

20. Defendant does not have sufficient information to respond to the allegations in paragraph 20 and, therefore, denies the same.

21. Defendant does not have sufficient information to respond to the allegations

in paragraph 21 and, therefore, denies the same.

22. Defendant does not have sufficient information to respond to the allegations in paragraph 22 and, therefore, denies the same.

23. Defendant does not have sufficient information to respond to the allegations in paragraph 23 and, therefore, denies the same.

24. Defendant does not have sufficient information to respond to the allegations in paragraph 24 and, therefore, denies the same.

25. Defendant does not have sufficient information to respond to the allegations in paragraph 25 and, therefore, denies the same.

26. Defendant does not have sufficient information to respond to the allegations in paragraph 26 and, therefore, denies the same.

27. Defendant does not have sufficient information to respond to the allegations in paragraph 27 and, therefore, denies the same.

28. Defendant does not have sufficient information to respond to the allegations in paragraph 28 and, therefore, denies the same.

29. Defendant does not have sufficient information to respond to the allegations in paragraph 29 and, therefore, denies the same.

30. Responding to paragraph 30, Defendant admits only that Plaintiff Gellos was told to leave because an employee of Disability Services at Footprint had seen Plaintiff Gellos punch Plaintiff Foster. Defendant further admits that Plaintiff Foster was initially advised that she could stay. Defendant does not have sufficient information to respond to the remaining allegations in paragraph 30 and, therefore, denies the same.

31. Responding to paragraph 31, Defendant admits only that Plaintiff Gellos refused to leave. Defendant denies the remaining allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Responding to paragraph 34, Defendant admits only that Plaintiff Gellos was carried out of the seating area by security members, including Defendant. Defendant denies

the remaining allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Responding to paragraph 39, Defendant admits only that he and other members of security met with Phoenix Police Officers Turiano and Gates outside of the concert seating area. Defendant does not have sufficient information to respond to the remaining allegations in paragraph 39 and, therefore, denies the same.

40. Defendant denies the allegations in paragraph 40.

41. Defendant does not have sufficient information to respond to the allegations in paragraph 41 and, therefore, denies the same.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Paragraph 45 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 45 and, therefore, denies the same.

46. Defendant does not have sufficient information to respond to the allegations in paragraph 46 and, therefore, denies the same.

47. Defendant denies the allegations in paragraph 47.

48. Defendant does not have sufficient information to respond to the allegations in paragraph 48 and, therefore, denies the same.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

1     54.     Defendant denies the allegations in paragraph 54.

2     55.     Defendant denies the allegations in paragraph 55.

3     56.     Defendant denies the allegations in paragraph 56.

4     57.     Defendant denies the allegations in paragraph 57.

5     58.     Defendant denies the allegations in paragraph 58.

6     59.     Defendant denies the allegations in paragraph 59.

7     60.     Defendant denies the allegations in paragraph 60.

8     61.     Paragraph 61 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 61 and, therefore, denies the same.

## COUNT 1

## GROSS NEGLIGENCE

*(Phoenix Defendants)*

62.     Defendant incorporates his responses in the foregoing paragraphs as though fully stated herein.

63.     Paragraph 63 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 63 and, therefore, denies the same.

64.     Paragraph 64 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 64 and, therefore, denies the same.

65.     Paragraph 65 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 65 and, therefore, denies the same.

66.     Paragraph 66 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 66 and, therefore, denies the same.

67.     Paragraph 67 does not direct a claim against Defendant, so a response is not

1  required. To the extent a response is legally required, Defendant does not have sufficient
2  information to respond to the allegations in paragraph 67 and, therefore, denies the same.

3      68.    Paragraph 68 does not direct a claim against Defendant, so a response is not
4  required. To the extent a response is legally required, Defendant does not have sufficient
5  information to respond to the allegations in paragraph 68 and, therefore, denies the same.

6      69.    Paragraph 69 does not direct a claim against Defendant, so a response is not
7  required. To the extent a response is legally required, Defendant does not have sufficient
8  information to respond to the allegations in paragraph 69 and, therefore, denies the same.

9      70.    Paragraph 70 does not direct a claim against Defendant, so a response is not
10 required. To the extent a response is legally required, Defendant does not have sufficient
11 information to respond to the allegations in paragraph 70 and, therefore, denies the same.

12     71.    Paragraph 71 does not direct a claim against Defendant, so a response is not
13 required. To the extent a response is legally required, Defendant does not have sufficient
14 information to respond to the allegations in paragraph 71 and, therefore, denies the same.

15     72.    Paragraph 72 does not direct a claim against Defendant, so a response is not
16 required. To the extent a response is legally required, Defendant does not have sufficient
17 information to respond to the allegations in paragraph 72 and, therefore, denies the same.

18     73.    Paragraph 73 does not direct a claim against Defendant, so a response is not
19 required. To the extent a response is legally required, Defendant does not have sufficient
20 information to respond to the allegations in paragraph 73 and, therefore, denies the same.

21     74.    Defendant denies the allegations in paragraph 74 to the extent that they are
22 directed to him, rather than the Phoenix Defendants.

23     75.    Defendant denies the allegations in paragraph 75 to the extent that they are
24 directed to him, rather than the Phoenix Defendants.

25     76.    Defendant denies the allegations in paragraph 76 to the extent that they are
26 directed to him, rather than the Phoenix Defendants.

27     ///
28     ///

## COUNT II

## NEGLIGENCE

*(Brunton and JOHN and JANE DOES I-X)*

77. Defendant incorporates his responses in the foregoing paragraphs as though fully stated herein.

78. Responding to paragraph 78, Defendant admits only that he was employed to work as a security guard at the Footprint Center during the Jimmy Buffet concert on or around March 9, 2023. Defendant does not have sufficient information to respond to the remaining allegations in paragraph 78 and, therefore, denies the same.

79. Defendant denies the allegations in paragraph 79.

80. Responding to paragraph 80, Defendant admits only that certain duties of care are prescribed under Arizona law. Defendant denies that he caused harm to Plaintiff Gellos or Foster. Defendant does not have sufficient information to respond to any remaining allegations in paragraph 80 and, therefore, denies the same.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

84. Defendant denies the allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*(All Defendants)*

87. Defendant incorporates his responses in the foregoing paragraphs as though fully stated herein.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

90. Defendant denies the allegations in paragraph 90.

### COUNT IV

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

*(All Defendants)*

91. Defendant incorporates his responses in the foregoing paragraphs as though fully stated herein.

92. Defendant denies the allegations in paragraph 92.

93. Defendant denies the allegations in paragraph 93.

94. Defendant denies the allegations in paragraph 94.

### COUNT V

### ASSAULT AND BATTERY

*(All Defendants)*

95. Defendant incorporates his responses in the foregoing paragraphs as though fully stated herein.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98.

99. Defendant denies the allegations in paragraph 99.

100. Defendant denies the allegations in paragraph 100 and moves to strike any reference to Defendant as an "Offender" on the grounds of unfair prejudice.

101. Defendant denies the allegations in paragraph 101.

### COUNT VI

### EXCESSIVE FORCE IN VIOLATION OF THE FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983

*(Phoenix Defendants)*

102. Defendant incorporates his responses in the foregoing paragraphs as though fully stated herein.

103. Paragraph 103 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient

1  information to respond to the allegations in paragraph 103 and, therefore, denies the same.

2      104.    Paragraph 104 does not direct a claim against Defendant, so a response is not
3  required. To the extent a response is legally required, Defendant does not have sufficient
4  information to respond to the allegations in paragraph 104 and, therefore, denies the same.

5      105.    Paragraph 105 does not direct a claim against Defendant, so a response is not
6  required. To the extent a response is legally required, Defendant does not have sufficient
7  information to respond to the allegations in paragraph 105 and, therefore, denies the same.

8      106.    Paragraph 106 does not direct a claim against Defendant, so a response is not
9  required. To the extent a response is legally required, Defendant does not have sufficient
10 information to respond to the allegations in paragraph 106 and, therefore, denies the same.

11     107.    Paragraph 107 does not direct a claim against Defendant, so a response is not
12 required. To the extent a response is legally required, Defendant does not have sufficient
13 information to respond to the allegations in paragraph 107 and, therefore, denies the same.

14     108.    Paragraph 108 does not direct a claim against Defendant, so a response is not
15 required. To the extent a response is legally required, Defendant does not have sufficient
16 information to respond to the allegations in paragraph 108 and, therefore, denies the same.

17     109.    Paragraph 109 does not direct a claim against Defendant, so a response is not
18 required. To the extent a response is legally required, Defendant does not have sufficient
19 information to respond to the allegations in paragraph 109 and, therefore, denies the same.

20     110.    Paragraph 110 does not direct a claim against Defendant, so a response is not
21 required. To the extent a response is legally required, Defendant does not have sufficient
22 information to respond to the allegations in paragraph 110 and, therefore, denies the same.

23     111.    Paragraph 111 does not direct a claim against Defendant, so a response is not
24 required. To the extent a response is legally required, Defendant does not have sufficient
25 information to respond to the allegations in paragraph 111 and, therefore, denies the same.

26     112.    Paragraph 112 does not direct a claim against Defendant, so a response is not
27 required. To the extent a response is legally required, Defendant does not have sufficient
28 information to respond to the allegations in paragraph 112 and, therefore, denies the same.

113. Paragraph 113 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 113 and, therefore, denies the same.

114. Paragraph 114 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 114 and, therefore, denies the same.

## COUNT VII

## DUTY AND FAILURE TO INTERVENE

*(Gates)*

115. Defendant incorporates his responses in the foregoing paragraphs as though fully stated herein.

116. Paragraph 116 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 116 and, therefore, denies the same.

117. Paragraph 117 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 117 and, therefore, denies the same.

118. Paragraph 118 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 118 and, therefore, denies the same.

119. Paragraph 119 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 119 and, therefore, denies the same.

120. Paragraph 120 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient information to respond to the allegations in paragraph 120 and, therefore, denies the same.

121. Paragraph 121 does not direct a claim against Defendant, so a response is not required. To the extent a response is legally required, Defendant does not have sufficient

information to respond to the allegations in paragraph 121 and, therefore, denies the same.

## JURY TRIAL DEMAND

122. Paragraph 122 does not direct a claim against Defendant, so no response is required. However, Defendant demands a jury trial.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Defendant alleges the following:

1. Defendant denies any allegation not specifically admitted herein.

2. Plaintiffs fail to state a claim against Defendant upon which relief can be granted.

3. Plaintiffs' claims are barred as Defendant did not breach any duty owed to Plaintiffs, and Defendant was not negligent.

4. Any loss, injury, or damage incurred by Plaintiff was not proximately caused by any act or other conduct of Defendant.

5. If Plaintiffs were damaged, which Defendant specifically denies, then Plaintiffs failed to mitigate those damages and/or Plaintiffs were not damaged to the extent claimed.

6. Although Defendant denies damages, any alleged damages sustained by Plaintiffs may have been caused wholly or in part by Plaintiffs or the fault of a third entity and/or person or third entities and/or persons, whether a party to this action or not.

7. Under A.R.S. § 12-2501 *et seq.*, Defendant is entitled to have the trier of fact determine at one time the relative degrees of fault for all persons and/or entities, whether named as defendants herein or not, and including Plaintiffs' own fault.

8. Plaintiffs may lack standing for the claims asserted.

9. One or more of Plaintiffs' claims may be barred by the applicable statute of limitations, including, but not limited to, A.R.S. § 12-542.

10. Plaintiffs' claims are barred in whole and/or in part pursuant to one or more of the following doctrines: laches, release, waiver, accord and satisfaction, mistake, set-off, res judicata, claim preclusion, failure to avoid damages, and estoppel.

11. Plaintiffs assumed a particular risk of injury, for which they had knowledge, appreciated its magnitude, and voluntarily subjected themselves to the risk. Further, without admitting liability, Plaintiffs' alleged injuries, if any, were the result of Plaintiffs' assumption of the risks.

12. Defendant reserves the right to amend this Answer to the Complaint at a later time to assert any additional matter constituting an avoidance or affirmative defense, including without limitation, those matters set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure as discovery shows to be applicable.

**WHEREFORE**, Defendant respectfully prays for Judgment to be entered in its favor on Plaintiffs' Complaint as follows:

A. That Plaintiffs' Complaint be dismissed with prejudice and Plaintiffs take nothing thereby;

B. That Defendant has judgment on Plaintiffs' Complaint;

C. That Defendant be awarded his reasonable attorney's fees and costs incurred, expended and accruing in connection with the defense hereof; and

D. For other and further relief as the Court deems just and proper.

DATED: January 10, 2025            **ZELMS ERLICH LENKOV**

By:   *s/ Robert B. Zelms*
      Robert B. Zelms
      Fatima Badreddine
      *Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Karen Johnson Stillwell<br>**OFFICE OF THE PHOENIX CITY ATTORNEY**<br>200 W Washington, Ste. 1300<br>Phoenix, Arizona 85003-1611<br>karen.stillwell@phoenix.gov<br>lisa.danczewski@phoenix.gov<br>*Attorneys for Defendants City of Phoenix, Officer Christopher Turiano, and Officer William Gates* | Robert T. Mills<br>Sean A. Woods<br>**MILLS + WOODS LAW, PLLC**<br>5055 North 12th Street, Suite 101<br>Phoenix, Arizona 85014<br>Telephone 480.999.4556<br>docket@millsandwoods.com<br>swoods@millsandwoods.com<br>*Attorneys for Plaintiffs* |

*s/ Julie Rawlings*

14