Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Gellos, individually; Taryn Foster, individually,<br><br>Plaintiffs<br><br>vs.<br><br>City of Phoenix, a governmental agency; Christopher John Turiano and Jane Doe Turiano, husband and wife; William Gates and Jane Doe Gates, husband and wife; Richard Lee Brunton and Jane Doe Brunton, husband and wife; John and Jane Does 1-X; ABC Corporations I-X; XYZ Partnerships IX,<br><br>Defendants. | Case No.: CV-24-01529-PHX-GMS<br><br>**PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT**<br><br>(Assigned to the Honorable G. Murray Snow)<br><br>(JURY TRIAL DEMANDED) |

Plaintiffs, by and through their attorneys, Mills + Woods Law, PLLC, for their Complaint against the CITY OF PHOENIX, a governmental entity (the "City"); CHRISTOPHER JOHN TURIANO ("Turiano") and JANE DOE TURIANO, husband and wife; WILLIAM GATES ("Gates") and JANE DOE GATES, husband and wife (the City, Turiano, and Gates collectively "Phoenix Defendants"); RICHARD LEE BRUNTON ("Brunton") and JANE DOE BRUNTON, husband and wife; JOHN AND JANE DOES I-X; ABC CORPORATIONS I-X; and XYZ PARTNERSHIPS I-X, (collectively "Defendants"), hereby allege as follows:

## INTRODUCTION

This case arises out of the unlawful and wrongful use of excessive force by the

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Phoenix Police Department through the City of Phoenix, the officers, and individuals listed as defendants. Plaintiff Susan Gellos – a senior citizen – and Plaintiff Taryn Foster – a disabled individual – were wrongly and violently removed from the seats they paid for to the March 9, 2023 Jimmy Buffett Concert at the Footprint Center in downtown Phoenix Arizona. The Defendants' actions caused a closed fracture of Gellos' humerus in her right upper arm, tremendous pain and suffering to Gellos, psychological trauma that still exists to this day, and a lifetime of diminished capacity usage of her right arm. Furthermore, as Taryn was forced to watch these recklessly indifferent actions being taken on her mother, Taryn has also suffered psychological trauma and pain and suffering.

### JURISDICTION AND VENUE

1.      Pursuant to 42 U.S.C. §1983 *et seq.*, Plaintiffs bring this action for violations of the United States Constitution, including without limitation the Fourth and Fourteenth Amendments and Arizona common and statutory laws.

2.      The amount in controversy exceeds the minimal jurisdictional limits of this Court.

3.      Jurisdiction is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367(a).

4.      To the extent applicable, and without conceding that said statute applies, Plaintiffs have served their Notice of Claim upon Defendants in compliance with A.R.S. §12-821, *et seq.* More than sixty (60) days have expired since Plaintiffs served their Notice of Claim and Defendants have not responded in any manner to said Notice of Claim.

5.      Pursuant to Article 6, Section 14 of the Arizona Constitution, this court has original subject matter jurisdiction in this Complaint because the claims relate to causes of action, the underlying acts and/or omissions for which, at all times relevant, have caused the events alleged herein to occur with primary effect in Maricopa County, Arizona.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and in that the specific acts giving rise to the causes of action alleged herein occurred with primary effect in Maricopa County, Arizona.

### PARTIES

7.      The CITY OF PHOENIX is a governmental entity that acts by and through its officials, employees, and agents, including without limitation the Phoenix Police

2

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Department, and each of the other Defendants in this action except for Defendants RICHARD LEE BRUNTON and JANE DOE BRUNTON.

8.      Upon information and belief, CHRISTOPHER JOHN TURIANO and JANE DOE TURIANO, are husband and wife and at all material times were residents of Maricopa County, Arizona.

9.      CHRISTOPHER JOHN TURIANO is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in his official and individual capacity in Maricopa County, Arizona.

10.      Upon information and belief, WILLIAM GATES and JANE DOE GATES, are husband and wife and at all material times were residents of Maricopa County, Arizona.

11.      WILLIAM GATES is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in his official and individual capacity in Maricopa County, Arizona.

12.      Upon information and belief, RICHARD LEE BRUNTON and JANE DOE BRUNTON, are husband and wife and at all material times were residents of Maricopa County, Arizona.

13.      Defendants JANE DOE TURIANO, JANE DOE GATES, JANE DOE BRUNTON, and JOHN and JANE DOES I-X are included as Defendants because the Phoenix Defendants were acting for the benefit of their respective marital communities, if any, and therefore the respective marital communities, if any, are liable for their actions as set forth herein.

14.      The City of Phoenix is vicariously liable under the principle of *respondeat superior* for the actions and inactions of the employees of the Phoenix Police Department and its employees and any private contractors including those employees or contractors named as defendants in this action, as to any claims that are asserted by Plaintiff as a result of violations of the Arizona Constitution and Arizona common law because, at all relevant times, Defendants were acting within the course and scope of their employment or contract with the City or entities privately contracted with the City.

15.      For purposes of Plaintiffs' claims arising under Federal law, including without limitation the United States Constitution and 42 U.S.C. §1983 et seq., and as may

be relevant to Plaintiff's state law claims, at all relevant times described herein, Defendants were acting under color of state law.

16.    Defendants John and Jane Does I-X, ABC Corporations I-X, and XYZ Partnerships I-X are, and at all material times were persons, agents, servants, employees, corporations and /or business entities whose true names and identities are not known to Plaintiffs at the present time.

17.    Plaintiffs allege, upon information and belief, that Defendants John and Jane Does I-X are citizens or residents of the State of Arizona.

18.    Plaintiffs allege that Defendants ABC Corporations I-X, and XYZ Partnerships I-X are entities authorized to conduct business and are conducting business within Arizona.

## FACTUAL ALLEGATIONS

19.    On March 9, 2023, Gellos and Foster were in attendance for the Jimmy Buffett concert at Footprint Center located at 201 E Jefferson St, Phoenix, AZ 85004.

20.    While in line, Susan was singing Jimmy Buffett songs.

21.    One of the other patrons in line made a rude comment to Gellos and Gellos asked her to mind her own business.

22.    When Gellos told this unnamed patron to mind her own business, upon information and belief, the patron falsely reported that Gellos and Foster were fighting with them.

23.    After entering Footprint, Footprint security approached Gellos and Foster and told them that they had reason to believe they were intoxicated.

24.    Gellos and Foster said they were fine but would like a wheelchair for Foster and an escort to their seats.

25.    This occurred.

26.    They were seated and the wheelchair was taken away.

27.    Approximately twenty (20) minutes passed and Gellos left to buy drinks for her and Foster.

28.    Gellos encountered one of the ladies who had previously made rude comments.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

4

29.    Gellos ignored her and went back to her seats.

30.    About fifteen (15) minutes passed and an employee of Footprint came to Gellos and said that she had to leave but Foster could stay.

31.    Gellos and Foster were understandably taken aback by this and protested this command because they were there to enjoy the concert and had floor seats.

32.    Gellos and Foster were calm and said they did not want any drama.

33.    Security, including Brunton, refused to listen to Gellos and Foster.

34.    Footprint security, including Brunton, then grabbed Gellos by all four limbs and forcefully and indelicately carried her out of the seating areas of the arena.

35.    Brunton began violently swinging Gellos and wrenching her arm.

36.    It was at this time that Gellos began feeling extreme pain in her arms due to the reckless and grossly negligent nature of the fashion she was being carried by the security detail including Brunton.

37.    Gellos believed her arm had been broken.

38.    The security guards became frantic about their mistakes and took multiple pictures.

39.    Shortly thereafter, the security detail met with Phoenix Police officer Turiano and Gates.

40.    Gellos was very clear with all Defendants that she was in pain because of the injury to her arm and that movement to her arm was excruciating.

41.    Turiano and Gates heard Gellos explain that her arm was injured and it could be further injured by manipulation of it.

42.    Turiano and Gates heard Gellos' cries about her pain in her arm.

43.    Before Turiano apprehended Gellos, he knew that she was suffering from an injury to her arm and that any physical manipulation would cause excessive pain and suffering beyond that needed to assert control over Gellos' body.

44.    Brunton had Gellos' arm locked behind her and pushed her into the elevator.

45.    Any force at that point was unnecessary as Gellos was not resisting and was simply tring to protect her arm.

46.    Despite knowing that Gellos was in severe pain and had suffered an injury,

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

1   Turiano intentionally disregarded this information.

2       47.     Turiano then put Gellos into an armlock on her right arm.

3       48.     The pain became unbearable and Gellos began screaming.

4       49.     She attempted to position her body in a position to relieve the pain in her

5   arm.

6       50.     Instead of backing off and allowing Gellos to position her body in a fashion

7   to reduce the excruciating pain, the Defendants responded with even more force – so much

8   so that they contributed to Gellos' injuries – making them worse.

9       51.     Brunton and Turiano made the intentional decision to cause pain to Gellos.

10       52.     The role of a Phoenix Police Officer is to protect.

11       53.     Instead, Turiano took it upon himself, knowing that Gellos was in pain, to

12   cause even more pain through force that was clearly unnecessary.

13       54.     Brunton and Turiano all participated in the reckless activities leading to

14   Gellos' injuries.

15       55.     Gates failed to intervene to stop the recklessly indifferent actions of a citizen

16   and fellow officer.

17       56.     Instead, he stood by, watching Turiano twist and manipulate Gellos.

18       57.     He stood by listening to Gellos' screams of pain caused by Turiano.

19       58.     At any point, Gates could have told Turiano that what he was doing was

20   unnecessary, overboard, and was the cause and creation of excessive force.

21       59.     Gates had plenty of time to do so as they were taking an elevator ride.

22       60.     Gates failed to do so and ratified the decisions made by Turiano to continue

23   to apply force that was unnecessary and beyond reasonable to contain the situation.

24       61.     In their police reports, Gates and Turiano claim that Gellos was a danger to

25   them and somehow caused them harm – so much so that breaking her arm in half was

26   justified.

27       62.     The level of force used against a small senior citizen woman was grossly

28   negligent and recklessly indifferent to Gellos' person.

    63.     She was dwarfed by the officers.

    64.     Again, the force applied by the Defendants was such that it snapped her arm

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

in half.

65.    The pain created by such force necessarily created involuntary movements by Gellos.

66.    Gellos never intended to resist anything nor did she.

67.    Her body merely reacted to the extreme pain created by the Defendants.

68.    Any contact by Gellos' body with any of the Defendants was unintentional and due to this agonizing pain.

69.    Gellos' daughter was forced to watch the torture inflicted on her mother.

70.    If not for the egregious and grossly negligent actions of the Defendants, Gellos would remain healthy and would have avoided injury at their hands.

71.    Foster would not have been subjected to watching her mother be cruelly and maliciously attacked.

72.    Foster was so shocked that she could no longer stand nor walk.

73.    She needed a wheelchair to continue.

74.    It shocks the conscience that Foster was forced to watch these events.

75.    It shocks the conscience that Gellos was forced to endure pain and brutal attacks that eventually snapped her arm in half.

76.    It should be noted that the events described in the Police Reports obtained are disputed by Gellos and Foster.

### COUNT I
### GROSS NEGLIGENCE
*(City)*

77.    Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

78.    Under Arizona Revised Statute § 12-820.02(A) a public employee acting within the scope of the public employee's employment can be liable for damages and injuries if the employee was grossly negligent.

79.    The Phoenix Defendants' actions were willful and wanton with reckless indifference to Gellos' life and safety.

80.    The Phoenix Defendants' actions created an unreasonable risk of harm to

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

7

Gellos and that risk was so great that it was highly probable that harm would have resulted.

81.     Defendants systematically and repeatedly acted with reckless indifference towards Gellos' life and safety, including their acts and omissions set forth above, resulting in the severe and debilitating injuries to Gellos.

82.     Defendant City of Phoenix is vicariously liable under *respondeat superior* for the actions of any employee, agent, or servant of the City of Phoenix, including that of the other named Defendants in this case.

83.     Defendant Turiano was grossly negligent and acted with reckless indifference to Gellos' life and safety by using excessive force objectively unreasonable under the totality of the circumstances.

84.     The remaining Phoenix Defendant Gates breached the standard of care by failing to intercede or intervene to prevent their fellow officers from using unwarranted, reckless force with wanton disregard to the preservation of life.

85.     The Phoenix Defendants, while acting as agents and employees for the Phoenix Police Department, owed a duty to Gellos to perform their responsibilities as officers of the law without reckless indifference to Gellos' life and safety.

86.     The Phoenix Defendants, while acting as agents and employees for Phoenix Police Department, owed a duty to Gellos to act objectively reasonably and without reckless indifference to Gellos' life and safety.

87.     The Phoenix Defendants' use of excessive force upon Gellos constitutes reckless indifference to Gellos' life and safety and gross negligence for which the Phoenix Defendants are individually liable.

88.     The Phoenix Defendants' conduct, in not using other less restrictive means that were readily available, constitutes gross negligence for which the Phoenix Defendants are individually liable.

89.     In taking the actions as described above, the Phoenix Defendants breached their duty to refrain from such unreasonable and recklessly indifferent conduct.

90.     As a direct and proximate result of Defendants' breach, Gellos sustained severe and permanent injuries, suffered extreme pain and suffering, lessened her ability to have and maintain meaningful familial relationships, and lessened her ability to provide

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

for her daughter, Foster.

91.    Defendants' acts and omissions set forth above, also demonstrate gross and wanton negligence in that each of them knew or had reason to know that their acts individually and collectively created an unreasonable risk of bodily harm to Gellos and a high probability that substantial harm would result.

**COUNT II**
**NEGLIGENCE**
*(Brunton and JOHN and JANE DOES I-X)*

92.    Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

93.    Brunton and John and Jane Does I-X were security guards employed at the Footprint Center at the time of the Jimmy Buffett concert on March 9, 2023.

94.    Brunton and John and Jane Does I-X took it upon themselves to accost Gellos and Foster and gain control over their physical bodies.

95.    At that point, a duty was created for Brunton and John and Jane Does I-X to act reasonably and not cause harm to Gellos or Foster.

96.    Brunton and John and Jane Does I-X breached that duty.

97.    Through their actions, Brunton and John and Jane Does I-X actually caused harm to Gellos and Foster.

98.    Gellos' and Foster's injuries were a foreseeable result of Brunton's and John and Jane Does I-X's actions.

99.    Their actions were the proximate cause of the harm Gellos and Foster sustained.

100.    The harm resulted in economic and physical damages to Gellos and Foster.

101.    Their conduct was willful and wanton sufficient enough to warrant punitive damages.

**COUNT III**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
*(City)*

102.    Plaintiffs incorporate the allegations in the foregoing paragraphs as though

1 fully set forth herein.

2 103.    The Defendants' negligence and intentional, willful, and wanton actions as

3 alleged herein caused Foster – Gellos' daughter - emotional distress.

4 104.    Foster suffered severe emotional distress which has physically manifested in

5 weight loss, nightmares, and behavioral changes, all of which were nonexistent before the

6 Jimmy Buffett concert.

7 105.    Foster has suffered damages in an amount to be proven at trial as a result.

**COUNT V**
**EXCESSIVE FORCE IN VIOLATION OF THE FOURTEENTH AMENDMENT**
**AND 42 U.S.C. § 1983**
(*Turiano*)

11 106.    Plaintiffs incorporate the allegations in the foregoing paragraphs as though

12 fully set forth herein.

13 107.    42 U.S.C. § 1983 provides individuals with a cause of action to sue for

violations of his or her constitutional rights. The 14th Amendment protects individuals

from constitutional violations of State and local authorities. As incorporated by the 14th

Amendment, the 4th Amendment protects individuals from the use of excessive force by

law enforcement officers. The Defendants, while acting in their official capacity and

individual capacities and under the color of law, violated Plaintiffs' rights to freedom from

unreasonable seizures.

19 108.    The Phoenix Defendants acted willfully, knowingly, and with specific intent

20 to deprive Plaintiffs of their rights under the Fourteenth Amendment of the United States

21 Constitution, including their right to be secure in their person and free from the use of

22 unreasonable force and seizure.

23 109.    The Phoenix Defendants acted unreasonably by using unnecessarily

24 excessive force as described herein.

25 110.    Gellos was not resisting arrest.

26 111.    Gellos was unarmed.

112.    Gellos did not present a danger to herself or the community.

27 113.    As discussed herein, Gellos, a woman, is a senior citizen and was much

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

1    smaller than the Phoenix Defendants.

2       114.    Despite the clear evidence that Gellos was unarmed, not a danger to self or

3    community, and not resisting arrest, the Phoenix Defendants used excessive force which

4    was objectively unreasonable under the totality of the circumstances, and which caused

5    Gellos' right humerus to snap.

6       115.    As discussed herein, Turiano knew that Gellos had suffered an injury and

7    was in distress.

8       116.    Turiano, despite being told by Gellos that manipulation of her arm would

9    cause her extreme pain, and despite the fact that Gellos posed absolutely no harm to the

10   officers, intentionally applied force to Gellos' arm causing extreme excruciating pain for

11   no reason other than to cause that pain.

12      117.    Turiano's actions were objectively unreasonable in that they involved using

13   force unnecessary to contain the situation.

14      118.    A police officer may only use force that is reasonable under the

15   circumstances.

16      119.    Twisting and manipulating Gellos' arm behind her back, continuing to apply

17   the full force of his muscles, and not letting up even though a diminutive, older woman

18   was screaming at the pain, was unreasonable given the circumstances.

19      120.    Gates failed to intercede or intervene to prevent his fellow officers from using

20   unwarranted, reckless force with wanton disregard to the preservation of life.

21      121.    Gellos' injuries were the direct result of the Phoenix Defendants' actions and

22   inactions.

23      122.    Additionally, the acts of the Phoenix Defendants and their employees and

24   agents, as set forth above, demonstrate gross and wanton negligence in that each of them

25   knew or had reason to know that their acts individually and collectively created an

26   unreasonable risk of bodily harm to Gellos and a high probability that substantial harm

27   would result.

28      123.    In causing the painful and barbaric injuries, the Phoenix Defendants and their

     employees and agents acted with an evil mind and a malignant heart warranting an award

     of punitive damages.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

## COUNT VI
## DUTY AND FAILURE TO INTERVENE
*(Gates)*

124.    Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

125.    "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham,* 229 F.3d at 1289 (quotations omitted) (quoting *United States v. Koon*, 34 F.3d 1416, 1447, n.25 (9th Cir. 1994)). "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Id.* (citation omitted).

126.    Law enforcement officers who have a realistic opportunity to prevent a fellow officer from violating a citizen's Constitutional rights have a duty to intervene to protect the victim from the unconstitutional retaliation, use of force or violation of due process of law.

127.    As set forth herein, at no time did Gates make any affirmative step to intervene to protect Plaintiffs' Constitutional rights.

128.    The acts and/or omissions of Gates were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiffs.

129.    Plaintiffs, therefore, prays for an award of punitive and exemplary damages against these individual defendants in an amount to be determined according to proof.

130.    Plaintiffs suffered damages as a direct and proximate result of the illegal acts of the Gates in failing to intervene.

## JURY TRIAL DEMAND

131.    Plaintiffs hereby demand a jury trial in this matter as to all claims and against all Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests that the Court enter judgment against the Defendants and in favor of the Plaintiffs, as follows:

a)    For compensatory, general and special damages against each and every Defendant, jointly and severally, in an amount to be proven at trial;

b)   For all other non-pecuniary damages as to be proven at trial;

c)   For punitive and exemplary damages against Defendants in an amount appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the future;

d)   For pre-and post-judgment interest to the extent provided by law;

e)   For Plaintiffs' incurred costs, including all incurred attorneys' fees and court costs, pursuant to 42 U.S.C. §1988 and as otherwise authorized by any other statute or law; and

f)   For such other relief as this Court may deem proper.

**RESPECTFULLY SUBMITTED** this 26th day of February 2025.

**MILLS + WOODS LAW, PLLC**

By    */s/ Sean A. Woods*
        Robert T. Mills
        Sean A. Woods
        5055 North 12th Street, Suite 101
        Phoenix, AZ 85014
        *Attorneys for Plaintiffs*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Karen Johnson Stillwell
karen.stillwell@phoenix.gov
**OFFICE OF THE PHOENIX CITY ATTORNEY**
law.civil.minute.entries@phoenix.gov
duvelsa.rios@phoenix.gov
200 W Washington, Ste. 1300
Phoenix, Arizona 85003-1611
*Attorneys for Defendants City of Phoenix,*
*Officer Christopher Turiano, and Officer*
*William Gates*

Robert B. Zelms
rzelms@zellaw.com
Fatima Badreddine
fatima@zellaw.com
**ZELMS ERLICH LENKOV**
jrawlings@zellaw.com
ddrake@zellaw.com
5415 E High St., Ste. 425
Phoenix, Arizona 85054
*Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton*


        /s/ Ben Dangerfield

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

14

**<u>VERIFICATION</u>**

Susan Gellos declares as follows:

I am a Plaintiff in the foregoing First Amended Verified Complaint and know the contents thereof.  I declare, under penalty of perjury, that the allegations contained therein are true and correct to the best of my knowledge and belief, except those made upon information and belief, and as to those, I believe them to be true.

**EXECUTED** Feb 26, 2025

Susan Kay Gellos (Feb 26, 2025 15:54 MST)

Susan Gellos

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

15