Robert B. Zelms, Arizona Bar No. 018956
rzelms@zelmserlich.com
Fatima Badreddine, Arizona Bar No. 030402
fbadreddine@zellaw.com
**ZELMS ERLICH LENKOV**
5415 E. High Street, Suite 425
Phoenix, Arizona 85054
Phone: (480) 608-2114

*Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton*

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Gellos, individually; Taryn Foster, individually,<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix, a governmental agency; Christopher John Turiano and Jane Doe Turiano, husband and wife; William Gates and Jane Doe Gates, husband and wife; Richard Lee Brunton and Jane Doe Brunton, husband and wife; John and Jane Does 1-X; ABC Corporations I-X; XYZ Partnerships IX,<br><br>Defendants. | Case No.  CV-24-01529-PHX-GMS<br><br>**DEFENDANT RICHARD LEE BRUNTON'S ANSWER TO PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT**<br><br>(Honorable G. Murray Snow) |

Defendant Richard Lee Brunton ("Defendant"), by and through undersigned counsel, for his Answer to Plaintiffs' First Amended Verified Complaint ("Plaintiffs' First Amended Complaint"), admits, denies, and/or affirmatively alleges as follows:

### **INTRODUCTION**

Although this section is not a separate, numbered paragraph, Defendant admits only that Plaintiffs Susan Gellos and Taryn Foster were present at the Footprint Center in downtown Phoenix, Arizona for a Jimmy Buffet concert on or around March 9, 2023. Defendant denies the remaining allegations in the Introduction section.

**JURISDICTION AND VENUE**

1. Defendant denies the allegations in paragraph 1.

2. Defendant does not have sufficient information to respond to the allegations in paragraph 2 and, therefore, denies the same.

3. Defendant does not have sufficient information to respond to the allegations in paragraph 3 and, therefore, denies the same.

4. Defendant does not have sufficient information to respond to the allegations in paragraph 4 and, therefore, denies the same.

5. Responding to paragraph 5, Defendant admits only that the allegations in Plaintiffs' Complaint pertain to an event in Maricopa County, Arizona. Defendant denies any allegation of wrongdoing or liability. Further, Defendant does not have sufficient information to respond to the remaining allegations in paragraph 5 and, therefore, denies the same.

6. Responding to paragraph 6, Defendant admits only that the allegations in Plaintiffs' Complaint pertain to an event in Maricopa County, Arizona. Defendant denies any allegation of wrongdoing or liability. Further, Defendant does not have sufficient information to respond to the remaining allegations in paragraph 6 and, therefore, denies the same.

**PARTIES**

7. Responding to paragraph 7, Defendant admits only that the City of Phoenix is a governmental entity, and that the City of Phoenix did not act through Defendant. Defendant does not have sufficient information to respond to the remaining allegations in paragraph 7 and, therefore, denies the same.

8. Defendant does not have sufficient information to respond to the allegations in paragraph 8 and, therefore, denies the same.

9. Defendant does not have sufficient information to respond to the allegations in paragraph 9 and, therefore, denies the same.

10. Defendant does not have sufficient information to respond to the allegations

in paragraph 10 and, therefore, denies the same.

11. Defendant does not have sufficient information to respond to the allegations in paragraph 11 and, therefore, denies the same.

12. Responding to paragraph 12, Defendant admits only that he is and was a resident of Maricopa County, Arizona on March 9, 2023. Defendant denies the remaining allegations in paragraph 12.

13. Defendant does not have sufficient information to respond to the allegations in paragraph 13 and, therefore, denies the same.

14. Defendant does not have sufficient information to respond to the allegations in paragraph 14 and, therefore, denies the same.

15. Defendant denies the allegations in paragraph 15.

16. Defendant does not have sufficient information to respond to the allegations in paragraph 16 pertaining to fictitious defendants and, therefore, denies the same.

17. Defendant does not have sufficient information to respond to the allegations in paragraph 17 pertaining to fictitious defendants and, therefore, denies the same.

18. Defendant does not have sufficient information to respond to the allegations in paragraph 18 pertaining to fictitious defendants and, therefore, denies the same.

## **FACTUAL ALLEGATIONS**

19. Defendant admits the allegations in paragraph 19.

20. Defendant does not have sufficient information to respond to the allegations in paragraph 20 and, therefore, denies the same.

21. Defendant does not have sufficient information to respond to the allegations in paragraph 21 and, therefore, denies the same.

22. Defendant does not have sufficient information to respond to the allegations in paragraph 22 and, therefore, denies the same.

23. Defendant does not have sufficient information to respond to the allegations in paragraph 23 and, therefore, denies the same.

24. Defendant does not have sufficient information to respond to the allegations

1 in paragraph 24 and, therefore, denies the same.

2   25. Defendant does not have sufficient information to respond to the allegations
3 in paragraph 25 and, therefore, denies the same.

4   26. Defendant does not have sufficient information to respond to the allegations
5 in paragraph 26 and, therefore, denies the same.

6   27. Defendant does not have sufficient information to respond to the allegations
7 in paragraph 27 and, therefore, denies the same.

8   28. Defendant does not have sufficient information to respond to the allegations
9 in paragraph 28 and, therefore, denies the same.

10   29. Defendant does not have sufficient information to respond to the allegations
11 in paragraph 29 and, therefore, denies the same.

12   30. Responding to paragraph 30, Defendant admits only that Plaintiff Gellos was
13 told to leave because an employee of Disability Services at Footprint had seen Plaintiff
14 Gellos punch Plaintiff Foster. Defendant further admits that Plaintiff Foster was initially
15 advised that she could stay. Defendant does not have sufficient information to respond to
16 the remaining allegations in paragraph 30 and, therefore, denies the same.

17   31. Responding to paragraph 31, Defendant admits only that Plaintiff Gellos
18 refused to leave and showed signs and symptoms of alcohol intoxication. Defendant denies
19 the remaining allegations in paragraph 31.

20   32. Defendant denies the allegations in paragraph 32.

21   33. Defendant denies the allegations in paragraph 33.

22   34. Responding to paragraph 34, Defendant admits only that Plaintiff Gellos was
23 carried out of the seating area by security members, including Defendant, after she refused
24 to leave and refused to be escorted from the seating area several times. Defendant denies the
25 remaining allegations in paragraph 34.

26   35. Defendant denies the allegations in paragraph 35 and asserts that Plaintiff
27 Gellos was combative.

28   36. Defendant denies the allegations in paragraph 36 and denies that Plaintiff

4

1  Gellos mentioned any pain as she was carried out of the seating area.

2      37.    Defendant denies the allegations in paragraph 37.

3      38.    Defendant denies the allegations in paragraph 38 and asserts that Plaintiff Gellos was carried from her seat directly to Officers Turiano and Gates, who were outside of the concert seating area.

    39.    Responding to paragraph 39, Defendant admits only that he and other members of security met with Phoenix Police Officers Turiano and Gates outside of the concert seating area. Defendant asserts that Plaintiff Gellos was and taken directly to Officers Turiano and Gates. Defendant denies the remaining allegations in paragraph 39.

    40.    Defendant denies the allegations in paragraph 40 and assert that Plaintiff Gellos did not mentioned her arm or any injury during this time.

    41.    Defendant does not have sufficient information to respond to the allegations in paragraph 41 pertaining to what Defendants Turiano and Gates heard and, therefore, denies the same. Defendant denies that Plaintiff Gellos made the statements alleged in paragraph 41 during the time frame alleged.

    42.    Defendant does not have sufficient information to respond to the allegations in paragraph 42 pertaining to what Defendants Turiano and Gates heard and, therefore, denies the same. Defendant denies that Plaintiff Gellos made the statements alleged in paragraph 42 during the time frame alleged.

    43.    Defendant does not have sufficient information to respond to the allegations in paragraph 43 pertaining to Defendant Turiano's knowledge and, therefore, denies the same. Defendant denies any allegation that he injured Plaintiffs.

    44.    Defendant denies the allegations in paragraph 44 and asserts that he did not touch or push Plaintiff Gellos as she entered the elevator or while she was in the elevator.

    45.    Defendant denies the allegations in paragraph 45.

    46.    Defendant does not have sufficient information to respond to the allegations in paragraph 46 as to Defendant Turiano's alleged knowledge and, therefore, denies the same. Defendant denies that he caused any injury to Plaintiffs.

47. Defendant does not have sufficient information to respond to the allegations in paragraph 47 and, therefore, denies the same.

48. Defendant does not have sufficient information to respond to the allegations in paragraph 48 and, therefore, denies the same.

49. Defendant does not have sufficient information to respond to the allegations in paragraph 49 and, therefore, denies the same.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Paragraph 52 does not assert an allegation against Defendant, who is not a police officer, and therefore a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 52 and, therefore, denies the same.

53. Paragraph 53 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 53 and, therefore, denies the same.

54. Defendant denies the allegations in paragraph 54.

55. Paragraph 55 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 55 and, therefore, denies the same.

56. Paragraph 56 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 56 and, therefore, denies the same.

57. Paragraph 57 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 57 and, therefore, denies

the same.

58. Paragraph 58 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 58 and, therefore, denies the same.

59. Paragraph 59 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 59 and, therefore, denies the same.

60. Paragraph 60 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 60 and, therefore, denies the same.

61. Paragraph 61 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 61 and, therefore, denies the same.

62. Defendant denies the allegations in paragraph 62.

63. Defendant does not have sufficient information to respond to the allegations in paragraph 63 and, therefore, denies the same.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. In response to paragraph 70, Defendant denies that any of his actions were egregious or grossly negligent, and he denies causing any injury to Plaintiff. Defendant does

not have sufficient information to respond to the remaining allegations in paragraph 70 and, therefore, denies the same.

71. Defendant denies the allegations in paragraph 71.

72. Defendant does not have sufficient information to respond to the allegations in paragraph 72 and, therefore, denies the same.

73. Defendant does not have sufficient information to respond to the allegations in paragraph 73 and, therefore, denies the same.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Paragraph 76 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 76 and, therefore, denies the same.

### COUNT 1
### GROSS NEGLIGENCE
*(City)*

77. Defendant incorporates his responses in the foregoing paragraphs as though fully stated herein.

78. Paragraph 78 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 78 and, therefore, denies the same.

79. Paragraph 79 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 79 and, therefore, denies the same.

80. Paragraph 80 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 80 and, therefore, denies

1 the same.

2      81.    Defendant denies the allegations in paragraph 81.

3      82.    Paragraph 82 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 82 and, therefore, denies the same.

     83.    Paragraph 83 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 83 and, therefore, denies the same.

     84.    Paragraph 84 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 84 and, therefore, denies the same.

     85.    Paragraph 85 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 85 and, therefore, denies the same.

     86.    Paragraph 86 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 86 and, therefore, denies the same.

     87.    Paragraph 87 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 87 and, therefore, denies the same.

     88.    Paragraph 88 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have

sufficient information to respond to the allegations in paragraph 88 and, therefore, denies the same.

89. Paragraph 89 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 89 and, therefore, denies the same.

90. Defendant denies the allegations in paragraph 90.

91. Defendant denies the allegations in paragraph 91.

## COUNT II
## NEGLIGENCE
*(Brunton and JOHN and JANE DOES I-X)*

92. Defendant incorporates his responses in the foregoing paragraphs as though fully stated herein.

93. Responding to paragraph 93, Defendant admits only that he was employed to work as a security guard at the Footprint Center during the Jimmy Buffet concert on or around March 9, 2023. Defendant does not have sufficient information to respond to the remaining allegations in paragraph 93 at to fictitious defendants and, therefore, denies the same.

94. Defendant denies the allegations in paragraph 94.

95. Responding to paragraph 95, Defendant admits only that certain duties of care are prescribed under Arizona law. Defendant denies that paragraph 95 accurately states Arizona law. Defendant further denies that he caused harm to Plaintiff Gellos or Foster. Defendant does not have sufficient information to respond to the remaining allegations in paragraph 95 pertaining to the fictitious defendants and, therefore, denies the same.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98.

99. Defendant denies the allegations in paragraph 99.

100. Defendant denies the allegations in paragraph 100.

101. Defendant denies the allegations in paragraph 101.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
*(City)*

102. Defendant incorporates his responses in the foregoing paragraphs as though fully stated herein.

103. Defendant denies the allegations in paragraph 103.

104. Defendant denies the allegations in paragraph 104.

105. Defendant denies the allegations in paragraph 105.

## COUNT V
## EXCESSIVE FORCE IN VIOLATION OF THE FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983
*(Turiano)*

106. Defendant incorporates his responses in the foregoing paragraphs as though fully stated herein.

107. Responding to paragraph 107, Defendant denies that he was acting in any official capacity for the City of Phoenix or under the color of law and denies that 42 U.S.C. § 1983 applies to him. Defendant does not have sufficient information to respond to the remaining allegations in paragraph 107 and, therefore, denies the same.

108. Paragraph 108 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 108 and, therefore, denies the same.

109. Paragraph 109 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 109 and, therefore, denies the same.

110. Paragraph 110 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have

11

sufficient information to respond to the allegations in paragraph 110 and, therefore, denies the same.

111.  Paragraph 111 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 111 and, therefore, denies the same.

112.  Paragraph 112 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 112 and, therefore, denies the same.

113.  Paragraph 113 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 113 and, therefore, denies the same.

114.  Paragraph 114 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 114 and, therefore, denies the same.

115.  Paragraph 115 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 115 and, therefore, denies the same.

116.  Paragraph 116 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 116 and, therefore, denies the same.

117.  Paragraph 117 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have

1 sufficient information to respond to the allegations in paragraph 117 and, therefore, denies the same.

118. Paragraph 118 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 118 and, therefore, denies the same.

119. Paragraph 119 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 119 and, therefore, denies the same.

120. Paragraph 120 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 120 and, therefore, denies the same.

121. Paragraph 121 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 121 and, therefore, denies the same.

122. Paragraph 122 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 122 and, therefore, denies the same.

123. Paragraph 123 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 123 and, therefore, denies the same.

## COUNT VII
## DUTY AND FAILURE TO INTERVENE
*(Gates)*

124. Defendant incorporates his responses in the foregoing paragraphs as though fully stated herein.

125. Paragraph 125 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 125 and, therefore, denies the same.

126. Paragraph 126 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 126 and, therefore, denies the same.

127. Paragraph 127 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 127 and, therefore, denies the same.

128. Paragraph 128 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 128 and, therefore, denies the same.

129. Defendant denies the allegations in paragraph 129.

130. Paragraph 130 does not assert an allegation against Defendant and, therefore, a response is not required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations in paragraph 130 and, therefore, denies the same.

**JURY TRIAL DEMAND**

131. Defendant demands a jury trial in this matter.

**AFFIRMATIVE DEFENSES**

For its Affirmative Defenses to Plaintiff's First Amended Complaint, Defendant alleges the following:

1. Defendant denies any allegation not specifically admitted herein.

2. Plaintiff Gellos fails to state a claim against Defendant upon which relief can be granted as Plaintiff Gellos was a trespasser who refused to leave, and was combative.

3. Plaintiff Foster fails to state a claim against Defendant upon which relief can be granted as no claims pertaining to Plaintiff Foster have been alleged against Defendant.

4. Plaintiffs' claims are barred as Defendant did not breach any alleged duty owed to Plaintiffs, and Defendant was not negligent.

5. Defendant asserts that any duty of care owed to Plaintiff Gellos, if any, was limited because she was a trespasser once she refused to leave.

6. Defendant asserts that he did not harm Plaintiff Gellos as she was carried from the seating area.

7. Any loss, injury, or damage allegedly incurred by Plaintiffs was not proximately caused by any act or other conduct of Defendant.

8. If Plaintiffs were damaged, which Defendant specifically denies, then Plaintiffs failed to mitigate those damages and/or Plaintiffs were not damaged to the extent claimed.

9. Defendant asserts that Plaintiffs cannot support their claim for punitive damages as Defendant did not violate any duty of care, cause any harm to Plaintiffs, or engage in any conduct that would legally support an award of punitive damages.

10. Although Defendant denies damages, any alleged damages sustained by Plaintiffs may have been caused wholly or in part by Plaintiffs or the fault of a third entity and/or person or third entities and/or persons, whether a party to this action or not.

11. Under A.R.S. § 12-2501 *et seq.*, Defendant is entitled to have the trier of fact determine at one time the relative degrees of fault for all persons and/or entities, whether named as defendants herein or not, and including Plaintiffs' own fault.

12. Plaintiffs may lack standing for the claims asserted.

13. One or more of Plaintiffs' claims may be barred by the applicable statute of limitations, including, but not limited to, A.R.S. § 12-542.

14. Plaintiffs' claims are barred in whole and/or in part pursuant to one or more of the following doctrines: laches, release, waiver, accord and satisfaction, mistake, set-off, res judicata, claim preclusion, failure to avoid damages, and estoppel.

15. Plaintiffs assumed a particular risk of injury, for which they had knowledge, appreciated its magnitude, and voluntarily subjected themselves to the risk. Further, without admitting liability, Plaintiffs' alleged injuries, if any, were the result of Plaintiffs' assumption of the risks.

16. Defendant reserves the right to amend this Answer to Plaintiffs' First Amended Complaint at a later time to assert any additional matter constituting an avoidance or affirmative defense, including without limitation, those matters set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure as discovery shows to be applicable.

**WHEREFORE**, Defendant respectfully prays for Judgment to be entered in its favor on Plaintiffs' First Amended Complaint as follows:

A. That Plaintiffs' First Amended Complaint be dismissed with prejudice and Plaintiffs take nothing thereby;

B. That Defendant has judgment on Plaintiffs' First Amended Complaint;

C. That Defendant be awarded his reasonable attorney's fees and costs incurred, expended and accruing in connection with the defense hereof; and

D. For other and further relief as the Court deems just and proper.

DATED: March 11, 2025          **ZELMS ERLICH LENKOV**

By:   *s/ Fatima Badreddine*
Robert B. Zelms
Fatima Badreddine
*Attorneys for Defendants Richard Lee Brunton and Jane Doe Brunton*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| Karen Johnson Stillwell<br>**OFFICE OF THE PHOENIX CITY ATTORNEY**<br>200 W Washington, Ste. 1300<br>Phoenix, Arizona 85003-1611<br>karen.stillwell@phoenix.gov<br>lisa.danczewski@phoenix.gov<br>*Attorneys for Defendants City of Phoenix, Officer Christopher Turiano, and Officer William Gates* | Robert T. Mills<br>Sean A. Woods<br>**MILLS + WOODS LAW, PLLC**<br>5055 North 12th Street, Suite 101<br>Phoenix, Arizona 85014<br>Telephone 480.999.4556<br>docket@millsandwoods.com<br>swoods@millsandwoods.com<br>*Attorneys for Plaintiffs* |

*s/ Julie Rawlings*

17